858 P.2d 863

**James R. JORDAN and Sheryl Herley, Plaintiffs–Appellees,**

v.

**Ronald C. HALL, Defendant–Appellant.**

**No. 14317.**

Court of Appeals of New Mexico.

May 7, 1993.

Michael P. Clemens, Butt, Thornton & Baehr, P.C., Albuquerque, for plaintiffs-appellees.

Michael Allison, Albuquerque, for defendant-appellant.

## OPINION

APODACA, Judge.

Defendant appeals an order denying his motion to set aside a foreign default judgment. The trial court determined that the state of Washington was the proper forum for a motion to set aside a default judgment from that state and denied the motion. Our second calendar notice proposed summary affirmance. Both parties have responded to that proposal. Not persuaded by Defendant's arguments, we affirm.

■ Because the relevant facts are undisputed and the application of legal principles to the facts of this case is clear, we conclude disposition on the summary calendar is appropriate. *Cf. Garrison v. Safeway Stores*, 102 N.M. 179, 180, 692 P.2d 1328, 1329 (Ct.App.1984), *cert. denied*, 102 N.M. 225, 693 P.2d 591 (1985). This appeal raises an issue of first impression. However, we believe the law in other jurisdictions is sufficiently settled and the facts of this case are such that it is appropriate to decide this appeal at this time.

A default judgment was entered against Defendant, a New Mexico citizen, in Washington for money due on an employment contract. Plaintiffs filed an action in New Mexico seeking enforcement of the Washington judgment. Defendant moved to set aside the default judgment on the basis that he was never a party to the employment contract and had acted only as agent and attorney for one of the individual defendants. The trial court refused to set aside the default judgment, holding that Washington was the proper forum for such an action.

■ The Foreign Judgments Act, NMSA 1978, Sections 39–4A–1 through –6 (Repl.Pamp.1991), states that a foreign judgment filed with the district court clerk "shall have the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, staying, enforcing or satisfying as a judgment of the district court of this state." Section

39–4A–3. Defendant contends that this language allows New Mexico courts to apply SCRA 1986, 1–060 (Repl.1992) to foreign judgments in the same manner as the rule is applied to judgments of the courts of this state. Defendant contends that each time enforcement of a foreign judgment is sought, our courts may reexamine the merits of the case for the purpose of determining whether or not to give full faith and credit. Defendant states that the clear statutory language supports his argument. We disagree.

■ Article IV, section 1, of the United States Constitution overrides the local regulation of access to procedures of state courts for the purpose of enforcing foreign adjudications. *See Mountain States Fixture Co. v. Daskalos*, 61 N.M. 491, 493, 303 P.2d 698, 699 (1956). The final determinations by the courts of one state are entitled to full faith and credit in the courts of its sister states. U.S. Const. art. IV, § 1; *see also Full Faith and Credit as to State Statutes Governing Time Limitations on Action on Foreign Judgment—Federal Cases*, 17 L.Ed.2d 952 (1967). New Mexico courts have long given full faith and credit to judgments of sister states, unless the judgment is void. *See Watson v. Blakely*, 106 N.M. 687, 689, 748 P.2d 984, 986 (Ct. App.1987), *overruled on other grounds by Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 824 P.2d 1033 (1992). Defendant argues that there are other exceptions to the rule of recognition of sister state court judgments. He has provided us with neither authority for that argument nor a statement of what those exceptions are. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (argument unsupported by cited authority need not be addressed on appeal).

■ Other jurisdictions that have considered this issue have held that the full faith and credit clause limits the power of a court to reopen or vacate a foreign judgment and that foreign judgments cannot be collaterally attacked on the merits. *Morris v. Jones*, 329 U.S. 545, 551–52, 67 S.Ct. 451, 456, 91 L.Ed. 488 (1947). The Foreign Judgments Act does not diminish the finali-

ty of a foreign adjudication or the full faith and credit obligations under the United States Constitution. *Phares v. Nutter,* 125 Ariz. 291, 293, 609 P.2d 561, 563 (1980) (en banc); *Matson v. Matson,* 333 N.W.2d 862, 867–68 (Minn.1983); *Rosenstein v. Steele,* 103 Nev. 571, 747 P.2d 230, 231–32 (1987); *Data Management Sys., Inc. v. EDP Corp.,* 709 P.2d 377, 380–81 (Utah 1985). After the foreign judgment has been duly filed, the grounds for reopening or vacating are limited to lack of jurisdiction, fraud in the procurement, lack of due process, or other grounds making a judgment invalid or unenforceable. *Matson,* 333 N.W.2d at 867.

■ We agree with these authorities and hold that the New Mexico Foreign Judgments Act does not change the universal rule that foreign judgments are entitled to full faith and credit. Only the defenses of fraud or lack of jurisdiction may be raised to destroy the full faith and credit owed a foreign judgment. *See Data Management Sys., Inc.,* 709 P.2d at 381. To interpret the language of our statute otherwise would not afford any finality to foreign judgments and would be contrary to the constitutional mandate. Since Defendant did not raise any of these defenses, there was no basis for collateral attack on the Washington judgment.

■ Defendant claims that the Uniform Foreign Money–Judgments Recognition Act, NMSA 1978, §§ 39–4B–1 through –9 (Repl.Pamp.1991), allows him to make his attack on the Washington default judgment. That act does not apply for two reasons. First, the act was effective on July 1, 1991. Plaintiffs filed their notice of filing foreign judgment on May 16, 1991. Thus, the act was inapplicable to this claim. *See Garcia v. Mt. Taylor Millwork, Inc.,* 111 N.M. 17, 19, 801 P.2d 87, 89 (Ct.App. 1989) (statutes are presumed to operate prospectively), *cert. quashed,* 110 N.M. 282, 795 P.2d 87 (1990). Second, by its language, this act applies to judgments of other countries, not to judgments of other states of the United States. Section 39–4B–2(B); *Van Kooten Holding B.V. v. Du-*

*marco Corp.,* 670 F.Supp. 227, 228 (N.D.Ill. 1987).

■ The fundamental premise for which Defendant relies on the Uniform Money–Judgments Recognition Act is also misguided. Defendant argues that, because the Washington judgment was entered by default, the district court could reopen it. New Mexico courts have frequently enforced valid judgments entered by default in other jurisdictions. *Benham v. Forest Prods. Co.,* 101 N.M. 119, 679 P.2d 261 (1984); *Houston Fire & Casualty Ins. Co. v. Falls,* 67 N.M. 189, 354 P.2d 127 (1960). Other courts that have interpreted the Uniform Enforcement of Foreign Judgments Act have also held that valid judgments from other states, even those entered by default, are entitled to enforcement. *Matson,* 333 N.W.2d at 867; *Sparks ex rel. Schimmer v. Wall,* 774 S.W.2d 864, 872 (Mo.Ct.App.1989); *Noetzel v. Glasgow, Inc.,* 338 Pa.Super. 458, 487 A.2d 1372, 1376 (1985), *cert. denied,* 475 U.S. 1109, 106 S.Ct. 1517, 89 L.Ed.2d 915 (1986); *Minuteman Press Int'l, Inc. v. Sparks,* 782 S.W.2d 339, 342 (Tex.Ct.App.1989); *see also* Sara L. Johnson, Annotation, *Validity, Construction and Application of Uniform Enforcement of Foreign Judgments Act,* 31 A.L.R.4th 706 (1984); *cf. Colorado Nat. Bank of Denver v. Merlino,* 35 Wash. App. 610, 668 P.2d 1304, 1310–11 (Colorado default judgment against husband only enforceable against community property to the extent allowed by Washington law), *rev. denied,* 100 Wash.2d 1032 (1983).

The trial court's order denying the motion to set aside the Washington default judgment and determining that the motion may be addressed only in the state of Washington is affirmed.

**IT IS SO ORDERED.**

BLACK and FLORES, JJ., concur.