In re MARRIAGE OF CLAIRE K. GALLAGHER, Petitioner-Appellant, and JOHN F. GALLAGHER, Respondent-Appellee.

First District (3rd Division)    No. 1—91—2633

Opinion filed November 17, 1993.

Robert H. Hirsch, of Chicago, for appellant.

Barry A. Schatz and Andrew D. Eichner, both of Kalcheim, Schatz & Berger, of Chicago, for appellee.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

Petitioner, Claire K. Gallagher, and respondent, John F. Gallagher, were married in 1942 and divorced in 1979. In 1986, the trial court began hearing various post-trial motions and petitions on this matter, and ultimately, on February 6, 1991, granted respondent's petition to terminate maintenance payments that had been set in 1979. Petitioner now appeals from the February 6, 1991, order. Jurisdiction is vested in this court pursuant to Supreme Court Rule 301 (134 Ill. 2d R. 301).

For the reasons which follow, we affirm.

## FACTUAL BACKGROUND

On March 22, 1978, the trial court entered a judgment dissolving petitioner and respondent's marriage. However, all other issues were to be reserved for further adjudication. Thereafter, the parties litigated the case for approximately $2^{1}/2$ years. During this continued litigation, Judge Charles J. Fleck, the then trial judge, issued a memorandum opinion on July 20, 1979, a supplemental opinion on December 21, 1979, a supplemental judgment for dissolution of marriage on March 31, 1980, and an amended supplemental judgment for dissolution of marriage on September 18, 1980, entered *nunc pro tunc* to March 31, 1980.

At issue during the course of this litigation was the distribution of the considerable marital estate of the parties and the awarding of maintenance to petitioner. Addressing these matters, both the amended supplemental judgment and the supplemental judgment stated:

"(6) Petitioner is hereby awarded permanent maintenance from Respondent in the amount of $40,000 per year payable at the rate of $3,333.33 per month.

(7) Respondent has benefits in a pension plan at Sears, Roebuck and Company that will pay him approximately $90,000 per year from the time of his retirement until his death. If he dies before he retires, said pension plan will pay his estate approximately $700,000 over a ten (10) year period. Under the opinion of the Appellate Court in, *In Re Marriage of Hunt*, 78 Ill. App. 3d 653, 397 N.E.2d 511 (1st Dist. 1979) Respondent's interests in the

pension plan is [*sic*] considered marital property. It is hereby ordered that Respondent's entire interest in the pension plan is assigned to him as his share of the marital property."

In addition to the $40,000-per-year maintenance payments, respondent was required to pay petitioner, pursuant to the provisions of the amended supplemental judgment, a total of $782,000 over 10 years in semi-annual payments, retroactive to July 1, 1979.

At the time of the entry of the supplemental judgment, respondent was 60 years old and earning $200,000 per year as an executive with Sears. At the same time, petitioner was a 60-year-old homemaker who was not engaged in employment outside of the household.

On September 5, 1989, respondent filed a petition to terminate maintenance or in the alternative to reduce maintenance. Prior to this time, respondent had met his obligations to petitioner pursuant to the amended supplemental judgment. Petitioner then filed a petition for rule to show cause on February 20, 1990, alleging that respondent had failed to pay maintenance since October 1989.

After about a year of discovery and pretrial matters, on October 24, 1990, Judge James G. Donegan, to whom the case had been assigned, conducted a pretrial conference with the parties' attorneys and entered an order setting the matter for trial on January 14, 1991.

On January 8, 1991, petitioner filed a motion to continue the January 14, 1991, trial date, asserting that respondent had not fully answered the interrogatories that she had propounded. After hearing the arguments of counsel for the parties, Judge Donegan denied petitioner's motion.

On January 11, 1991, petitioner filed a petition for change of venue and another motion for a continuance. In his order of January 11, 1991, Judge Donegan denied both of these motions. In so ruling, Judge Donegan found that he had already ruled on substantive matters prior to the filing of the motion for the change of venue.

On January 14, 1991, approximately one-half hour before trial was to commence, petitioner's counsel filed an emergency motion for a continuance, alleging that petitioner was too sick to attend and proceed with trial. Attached to the motion was an affidavit by petitioner's counsel attesting to his client's infirmity based upon her representations to him. However, no affidavit from a physician or other health care specialist was appended to the emergency motion. After conducting an exhaustive hearing on the matter, in which both sides presented their arguments to the court, Judge Donegan ruled, notwithstanding petitioner's absence, respondent could proceed with his case in chief regarding his petition to terminate maintenance and that he could be cross-examined by petitioner's counsel.

After respondent completed his testimony that day, the hearing on respondent's petition to terminate maintenance, along with an outstanding notice to produce filed by him, was continued until February 25, 1991. On February 25, 1991, petitioner testified. On February 26, 1991, Judge Donegan entered an order terminating maintenance.

Petitioner then filed a timely notice of appeal.

## ISSUES PRESENTED FOR REVIEW

On appeal, petitioner argues that: (1) the trial court erred in denying her emergency motion for a continuance; and (2) the trial court erred in terminating respondent's maintenance payments to her.

## OPINION

■ Initially, we note that petitioner's brief is not in conformity with Supreme Court Rule 341(e)(4) (134 Ill. 2d R. 341(e)(4)) in that it fails to contain a statement of jurisdiction. "Where an appellant's brief fails to comply with the rules, this court has inherent authority to dismiss the appeal for noncompliance with its rules. [Citation.] However, violation of the rules does not divest this court of jurisdiction, but rather is an admonishment to the parties." (*Zadrozny v. City Colleges* (1991), 220 Ill. App. 3d 290, 292-93, 581 N.E.2d 44.) It is within our discretion to consider the merits on an appeal where the briefs sufficiently apprise the court of the issues. (*Zadrozny*, 220 Ill. App. 3d at 293.) As petitioner's brief is in all other respects adequate, we do not believe so severe a sanction as dismissal is warranted here. Having disposed of this procedural preliminary, we now turn our attention to the merits of the arguments raised by petitioner.

■ We first examine petitioner's contention that the trial court erred in denying her emergency motion for a continuance. There is no absolute right to a continuance for litigants. (*Lipke v. Celotex Corp.* (1987), 153 Ill. App. 3d 498, 510, 505 N.E.2d 1213.) When a continuance is not requested until the day of the trial, Supreme Court Rule 231(f) (134 Ill. 2d R. 231(f)) requires that an especially persuasive reason be given by the moving party because of the potential inconvenience to the witnesses, the parties and the court. (*Sinram v. Nolan* (1992), 227 Ill. App. 3d 241, 243, 591 N.E.2d 128.) Moreover, a motion for a continuance based upon the illness of a party must be supported by competent medical testimony stating the nature of the illness and the reasons why that party is unable to attend or participate in the trial. (*Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 358, 366 N.E.2d 327.) "The decision to deny a motion for a continuance is

within the sound discretion of the trial court and such decision will not be disturbed absent an abuse of discretion or unless palpable injustice appears in the record on appeal. [Citations.] A reviewing court must balance the prompt disposition of the case with the equally compelling interest in obtaining justice to determine whether an abuse of discretion occurred." *O'Neill v. Brown* (1993), 242 Ill. App. 3d 334, 343, 609 N.E.2d 835.

In *Needy*, the appellate court affirmed the trial court's denial of the defendant's motion for a continuance where the defendant first presented the motion shortly before trial claiming that he was too ill to attend trial. The trial court denied the motion because it was not supported by an affidavit of a doctor. Thereafter, the defendant was given leave to amend his motion for a continuance to attach the requisite physician's affidavit. Subsequently, the trial court found that the physician's affidavit was inconclusive and could not sustain a motion for a continuance brought on the eve of trial. In the case *sub judice*, there was *no* physician's affidavit attached to petitioner's motion brought on the day trial was to begin and, consequently, we perceive no abuse of discretion or palpable injustice done by the trial court in denying petitioner's motion.

Still to be considered is petitioner's contention that the trial court erred in terminating respondent's maintenance payments to her. Specifically, petitioner argues that the trial court committed error in four ways. First, the determination that the maintenance payments due her were subject to modification or termination was in error. Second, the finding that respondent had satisfied his burden of showing that a substantial change of circumstances had occurred such that would support a modification and termination of the maintenance payments was in error. Third, Judge Donegan erred in failing to examine Judge Fleck's intentions and the essential character of the maintenance award. Fourth, Judge Donegan erred in failing to take into consideration the same factors considered by Judge Fleck in making the initial award of maintenance prior to terminating such maintenance. We cannot agree.

Respondent has urged that petitioner has waived her argument that the trial court's determination that the maintenance payments were not subject to modification or termination was error. We agree. It is established law in Illinois that a theory cannot be presented on review which was not advanced in the trial court; any such theory not submitted below is deemed waived. (*Sparapany v. Rexall Corp.* (1993), 249 Ill. App. 3d 388, 391-92; see also *Cosentino v. Price* (1985), 136 Ill. App. 3d 490, 483 N.E.2d 297.) As petitioner failed to present this line of argument to the trial court, it is deemed waived.

Even if we were to assume that this issue was cognizable on appeal, we nevertheless believe the trial court's determination that maintenance payments were subject to termination. In our opinion, Judge Fleck's amended supplemental judgment was clear and unequivocal: the payments were permanent maintenance. Consequently, such payments are subject to modification. See *In re Marriage of Arvin* (1989), 184 Ill. App. 3d 644, 651, 540 N.E.2d 919.

■ Still to be considered is petitioner's position that the trial court erred in terminating the maintenance payments. The decision to award or terminate maintenance is within the trial court's exercise of discretion, and a court of review will not disturb a maintenance order absent an abuse of such discretion. *In re Marriage of Krupp* (1990), 207 Ill. App. 3d 779, 798, 566 N.E.2d 429; *Ingrassia v. Ingrassia* (1987), 156 Ill. App. 3d 483, 492, 489 N.E.2d 386.

In the case *sub judice*, our review of the record presented to us leads inextricably to the conclusion that the trial court did not abuse its discretion in terminating the maintenance payments to petitioner. Respondent presented an adequate amount of evidence to show that his income was reduced to approximately one-tenth of what it was at the time of the initial award of maintenance by Judge Fleck. In fact, if it was anyone who failed to come forth with sufficient evidence, it was petitioner when her counsel refused to question respondent at trial in spite of the trial court's admonishments to the contrary. Thus, we perceive no error in Judge Donegan's review of the various orders entered by Judge Fleck and the facts placed before him by the parties.

## DISPOSITION

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CERDA and GREIMAN, JJ., concur.