889 P.2d 1209

Carol CONGLIS, Plaintiff–Appellee,

v.

Richard RADCLIFFE, Jr.,
Defendant–Appellant.

No. 21691.

Supreme Court of New Mexico.

Jan. 24, 1995.

Levy & Geer, P.A., Robert D. Levy, Albuquerque, for appellant.

Butt, Thornton & Baehr, P.C., Michael P. Clemens, Albuquerque, for appellee.

## OPINION

MINZNER, Justice.

Richard Radcliffe, Jr., appeals the denial of his motion to set aside a Tennessee judgment filed in New Mexico under the Foreign Judgments Act, NMSA 1978, §§ 39–4A–1 to –6 (Repl.Pamp.1991). The issue on appeal is whether the Foreign Judgments Act authorizes relief by way of SCRA 1986, 1–060 (Repl.Pamp.1992) that is broader than the limitations imposed by the Full Faith and Credit Clause of the United States Constitution, Article IV, Section 1. The New Mexico Court of Appeals recently addressed this question in *Jordan v. Hall,* 115 N.M. 775, 858 P.2d 863 (Ct.App.1993), holding that the Foreign Judgments Act does not diminish the full faith and credit obligations due the final judgments of sister states. We approve of the treatment of this issue in *Jordan* and, under the facts of this case, find no error in the district court's denial of Radcliffe's motion to set aside the foreign judgment.

On May 18, 1992, the General Sessions Court of Shelby County, Tennessee entered judgment in favor of Plaintiff–Appellee, Carol Conglis, and against Defendant–Appellant, Radcliffe, in the amount of $8,167.41 based on Radcliffe's default on a promissory note. Radcliffe failed to appear for trial although he was personally served and had received notice of the trial date. Conglis filed the Tennessee judgment in New Mexico (where Radcliffe now lives) pursuant to Section 39– 4A–3 and sought to levy against Radcliffe's property. Radcliffe then filed a motion to set aside the judgment pursuant to SCRA 1– 060(B) based on "fraud and other facts justifying relief." After a hearing, the district court denied Radcliffe's motion, and this appeal followed.

Radcliffe's basic argument, like that of the defendant in *Jordan,* is that Section 39–4A–3 of the Foreign Judgments Act allows a New Mexico court to apply SCRA 1– 060(B) to foreign judgments filed for enforcement in New Mexico in the same manner as the rule is applied to final judgments of this state. Among the stated grounds for relief under SCRA 1–060(B) are mistake, inadvertence, excusable neglect, newly discovered evidence, fraud (whether denominated intrinsic or extrinsic), or the fact that the judgment is void or has been satisfied. Section 39–4A–3 of the Foreign Judgments Acts provides:

A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be filed in the office of the clerk of the district court of any county of this state in which the judgment debtor resides or has any property or property rights subject to execution, foreclosure, attachment or garnishment. The clerk shall treat the foreign judgment in the same manner as a judgment of the district court of this state. *A judgment so filed shall have the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, staying, enforcing or satisfying as a judgment of the district court of this state and may be enforced or satisfied in like manner.*

NMSA 1978, § 39–4A–3 (emphasis added). Radcliffe would have us read the above emphasized provision in the following manner: "A judgment so filed shall have the same effect . . . as a judgment of the district court of this state." Thus the grounds for relief from foreign and domestic judgments would be the same.

The Court of Appeals in *Jordan* concluded, however, that the above provision could not diminish the full faith and credit obligations due the final judgments of sister

states. *Jordan,* 115 N.M. at 777–78, 858 P.2d at 865–66. Full faith and credit generally requires every state to give the final judgments of sister states "at least the *res judicata* effect which the judgment would be accorded in the State which rendered it." *Durfee v. Duke,* 375 U.S. 106, 109, 84 S.Ct. 242, 244, 11 L.Ed.2d 186 (1963). Therefore, in any effort to avoid enforcement of a judgment filed pursuant to Section 39–4A–3, a judgment debtor is limited to grounds traditionally recognized as sufficient to avoid the res judicata effect of a foreign judgment; for example, lack of subject matter or personal jurisdiction of the rendering court, lack of due process, fraud in procurement (extrinsic fraud), or other grounds making the judgment invalid or unenforceable. *See Jordan,* 115 N.M. at 778, 858 P.2d at 866; *see also* Restatement (Second) of Conflict of Laws §§ 104, 105, 112, 115, 116 (1971).

Radcliffe contends that the Court of Appeals decision in *Jordan* violates basic principles of statutory construction, and he suggests that the Court's interpretation in that case renders the relevant provisions of Section 39–4A–3 useless. Radcliffe also asserts that, because Conglis elected to proceed under the New Mexico Foreign Judgments Act, she cannot also invoke the protection of the Full Faith and Credit Clause. Radcliffe's claims can be reduced to a single argument: that Conglis had two alternatives and that full faith and credit principles are relevant in only one. We agree that Conglis had alternatives. She could have brought an action in the New Mexico court to domesticate the Tennessee judgment. *See Galef v. Buena Vista Dairy,* 117 N.M. 701, 702–03, 875 P.2d 1132, 1134–35 (Ct.App.1994); § 39–4A–6. Instead, Conglis proceeded under the expedited procedures of the New Mexico Foreign Judgments Act. Full faith and credit principles apply generally, and *Jordan* correctly determined that they apply to foreign judgments filed pursuant to the Foreign Judgments Act.

■ The purpose of the Uniform Enforcement of Foreign Judgments Act, upon which New Mexico's Foreign Judgments Act is based, is to provide a speedy and economic means of accomplishing that which the United States Constitution's Full Faith and Credit Clause requires of the states. *See* Uniform Enforcement of Foreign Judgments Act, 13 U.L.A. 150 prefatory note (1986). Section 39–4A–3 provides the mechanism for the direct use of New Mexico procedures to enforce and satisfy foreign judgments *entitled* to full faith and credit. *See Jones v. Roach,* 118 Ariz. 146, 575 P.2d 345, 349 (Ariz. Ct.App.1977) (applying Arizona's version of the Uniform Enforcement of Foreign Judgments Act). It is important to note that a judgment debtor is not foreclosed from challenging the validity of a foreign judgment and may challenge its validity in a motion to set aside the judgment under SCRA 1–060. *See Phares v. Nutter,* 125 Ariz. 291, 609 P.2d 561, 563 (1980). However, such a challenge must rest on one of the grounds that justifies the denial of full faith and credit, such as lack of jurisdiction, lack of due process, or extrinsic fraud. *See Data Management Sys., Inc. v. EDP Corp.,* 709 P.2d 377, 381 (Utah 1985) (applying an act virtually the same as New Mexico's). Thus, there is no inconsistency in the fact that the Full Faith and Credit Clause affirmatively limits the ability of a state court to reopen a final judgment of the court of a sister state. *See id.* That principle applies whether or not the judgment creditor proceeds under the Foreign Judgments Act.

■ Radcliffe also argues that the district court erred in ruling upon his motion without an evidentiary determination of the merits of his claim. However, when a judgment debtor seeks to set aside a judgment for fraud, the debtor cannot simply rely upon bare legal conclusions stated in a motion to set the judgment aside. In the motion or otherwise, the movant must set forth a credible factual basis to support the asserted legal basis upon which the debtor seeks to avoid enforcement of the judgment. *See Sunwest Bank of Albuquerque v. Roderiguez,* 108 N.M. 211, 214, 770 P.2d 533, 536 (1989) (holding that mere notice pleading is insufficient when seeking relief under SCRA 1–060(B)). It would be an abuse of the court's discretion to set aside a judgment in the absence of the averment of these underlying facts. *See id.* at 216, 770 P.2d at 538. Here, Radcliffe's

motion to set aside the foreign judgment contained no factual allegations to support the claim of fraud. Nor, as far as we have been made aware, were these factual allegations presented to the district court at the hearing on Radcliffe's motion to set aside the judgment. Under these circumstances, the district court had no choice but to deny the motion.[1]

For the forgoing reasons, we affirm the district court's order denying relief from the Tennessee judgment.

**IT IS SO ORDERED.**

BACA, C.J., and FROST, J., concur.

---

1. Radcliffe complains that no discovery was allowed in this case. Apparently Radcliffe served certain requests for admission on Conglis pursuant to SCRA 1986, 1–036 (Repl.Pamp.1992), to which Conglis objected, claiming that SCRA 1–036 is not a mechanism for conducting post-judgment discovery. Prior to the hearing on the motion to set aside the foreign judgment, the court denied Radcliffe's motion to deem the requests admitted. Radcliffe has not taken specific issue with the court's ruling in this matter, nor has he cited any authority that would suggest the ruling was in error. We express no opinion on whether or not discovery procedures should be made available to a judgment debtor after moving to set aside a judgment filed pursuant to the Foreign Judgments Act. These procedures would seem to be available if the debtor had commenced a separate action to avoid the judgment on the basis of extrinsic fraud. However, in either case, it remains the debtor's burden to set forth a credible factual basis to support allegations of fraud. When, as here, the movant requests a hearing on a motion to set aside the judgment and offers no factual support for the allegations, the request must be denied.