904 P.2d 41

**In the Matter of the Filing of a Foreign Judgment from the State of Illinois in the Case Captioned Antoinette C. Rubin vs. Lynn E. Rubin, No. 88–D–15731, Circuit Court of Cook County.**

**Antoinette C. RUBIN (n/k/a Antoinette C. Ewing), Petitioner–Appellant,**

v.

**Lynn E. RUBIN, Respondent–Appellee.**

**No. 16218.**

Court of Appeals of New Mexico.

Aug. 24, 1995.

David C. Hughes, Hughes & Carver, P.C., Albuquerque, for Petitioner–Appellant.

Steven J. Clark, Peralta, for Respondent–Appellee.

## OPINION

PICKARD, Judge.

1. The issue we address in this case is whether a foreign court's failure to expressly rule on certain motions deprives a party of due process of law to the extent that the foreign court's judgment is not entitled to full faith and credit in New Mexico. Wife filed a foreign judgment in New Mexico, but Husband persuaded the trial court that the

judgment was not entitled to full faith and credit. Wife appeals and we reverse.

2. Husband and Wife were divorced in Illinois in 1980. In 1989, Wife filed a petition in the Illinois court to enforce the divorce decree by requiring Husband to pay her a certain sum of money and to take out a life insurance policy naming the parties' child as beneficiary. Husband participated in the Illinois proceedings and raises no contentions about the Illinois court's personal jurisdiction over him or subject matter jurisdiction over the action.

3. Husband was represented by his New Mexico attorney in the Illinois proceedings in the absence of objection from Wife. Husband attempted to file various pleadings in response to Wife's petition, but they were not in compliance with Illinois procedure, and Wife moved to strike them. Husband responded to the motion to strike. Husband moved the Illinois court to allow him and his attorney to appear for any hearings by telephone and to be allowed to testify by telephone. On November 8, 1989, the date originally set for the hearing in this matter, the Illinois court entered an order, permitting Husband's New Mexico attorney to appear on behalf of Husband and stating: "This cause is continued to 11/22/89 at 9:30 AM without further notice. Absent the appearance of [Husband] and/or his attorney, this matter shall proceed to default hearing on 11/22/89 at 9:30 A.M."

4. On November 21, 1989, Husband filed a motion for continuance. The motion acknowledged the Illinois court's November 8 order and stated that, in light of it, Husband and his attorney wished to appear personally to contest the matter, but due to the Thanksgiving holiday, Husband could not get airline tickets for November 21 or 22. As with most of Husband's other filings, the motion for continuance was not verified. Without expressly addressing the motion for continuance or any of Husband's other filings, the Illinois court entered an order on November 22 granting Wife judgment for a sum of money and ordering Husband to obtain and provide a life insurance policy on his life with his child as the designated beneficiary. The order was based on Wife's testimony and her verified petition.

5. Wife filed the Illinois order in New Mexico pursuant to the Foreign Judgments Act, NMSA 1978, §§ 39–4A–1 to –6 (Repl. Pamp.1991). Husband moved the New Mexico court to deny full faith and credit on the ground that he was denied due process of law in the Illinois proceedings. The trial court agreed with him.

6. Both our Supreme Court and this Court have recently had occasion to rule on cases involving giving full faith and credit to foreign judgments. *Conglis v. Radcliffe*, 119 N.M. 287, 889 P.2d 1209 (1995); *Jordan v. Hall*, 115 N.M. 775, 858 P.2d 863 (Ct.App. 1993). Our Supreme Court held that the doctrine of full faith and credit requires one state to give the final judgments of other states the same res judicata effect that they would be given in the other states. *Conglis*, 119 N.M. at 289, 889 P.2d at 1211. We both held that grounds sufficient to avoid res judicata were limited to lack of jurisdiction, fraud in procurement, lack of due process, or other grounds making the judgment invalid or unenforceable. *Id.*; *Jordan*, 115 N.M. at 778, 858 P.2d at 866. Husband relies exclusively on lack of due process.

7. The parties argue at some length about whether New Mexico law or Illinois law should govern the issue of whether Husband was deprived of due process in Illinois. Our cases lend support to the idea that foreign judgments are judged as valid or invalid by the law of the foreign jurisdiction. *See, e.g., Conglis*, 119 N.M. at 289, 889 P.2d at 1211 (judgments given same res judicata effect as state rendering them); *Willis v. Willis*, 104 N.M. 233, 235, 719 P.2d 811, 813 (1986) (to hold that the judgment is void, we would have to hold that the judgment would have no standing in the state rendering it); *Barker v. Barker*, 94 N.M. 162, 165, 608 P.2d 138, 141 (1980) (same); *Reeve v. Jones*, 101 N.M. 320, 321, 681 P.2d 746, 747 (Ct.App. 1984) (for purposes of finality requirement, finality is determined by the law of the foreign jurisdiction entering the judgment). These cases notwithstanding, it does not appear to us that the due process violation necessary to avoid a federal obligation of full

faith and credit would be governed by the law of any state; rather, federal law would control. *See Jordan,* 115 N.M. at 777, 858 P.2d at 865. Nonetheless, we need not decide the precise question in this case, because we hold that there was no due process violation under either the law of New Mexico or Illinois.

8. Although the trial court appeared concerned that none of Husband's pleadings or motions was expressly considered by the Illinois court, the appellate briefs focus on only two—the motion to appear by telephone and the motion for continuance. Thus, those are the only two we discuss.

9. Husband does not contend that the trial court was required to grant his motion to appear and testify by telephone. In light of expressions by both New Mexico and Illinois courts concerning the importance of observing demeanor, *see Farmers & Stockmens Bank v. Morrow,* 81 N.M. 678, 679, 472 P.2d 643, 644 (1970); *People v. Vandiver,* 127 Ill. App.3d 63, 82 Ill.Dec. 192, 195, 468 N.E.2d 454, 457 (1984), *cert. denied* (Ill. Jan. 1985), and in light of the fact that an Illinois rule enacted after the proceedings in this case permits telephonic hearings for argument and discussion only, and not for testimony, Illinois Supreme Court Rule 185, Husband could hardly argue that it was error not to grant his motion. *See also Bonamarte v. Bonamarte,* 263 Mont. 170, 866 P.2d 1132, 1134–37 (1994) (prevailing practice is to require in-person testimony unless exceptional circumstances are present); *see generally* Michael J. Weber, Annotation, *Permissibility of Testimony by Telephone in State Trial,* 85 A.L.R.4th 476 (1991).

■ 10. Rather, Husband's contention is that he was deprived of due process because the Illinois court did not even consider his motion. We disagree that the motion was not considered. The matter came on for hearing in Illinois on November 8, and the court entered an order after that hearing that expressly required Husband's presence at the next hearing date and continued the hearing for reasons we can only assume were to facilitate Husband's presence. In light of the express wording of the order, we do not believe it is possible to argue that the motion

to appear by telephone was not considered. *Cf. State v. Cramer,* 90 N.M. 157, 160, 560 P.2d 948, 951 (Ct.App.) (court's ruling denying a motion is an implicit ruling on everything necessary to deny the motion), *cert. denied,* 90 N.M. 254, 561 P.2d 1347 (1977); *State v. Gutierrez,* 78 N.M. 529, 532, 433 P.2d 508, 511 (Ct.App.1967) (same). In fact, Husband's motion to deny full faith and credit filed below recognized that the Illinois court "impliedly denied" the motion to appear telephonically.

■ 11. We next address whether the failure to expressly consider Husband's motion for continuance deprived Husband of due process of law such that the foreign judgment was not entitled to full faith and credit. As with the motion to appear telephonically, it appears that the court's decision to proceed with the default hearing was an implicit ruling to deny the motion. Moreover, the Illinois court appeared to be well within its discretion in denying the last-minute motion for continuance that did not state good grounds for a continuance. In New Mexico, we review motions for continuance for abuse of discretion and based on the facts made known to the trial court at the time of the motion. *State v. Perez,* 95 N.M. 262, 264, 620 P.2d 1287, 1289 (1980). In Illinois, motions for continuance alleging an inability to present certain evidence must be accompanied by affidavits establishing the factual basis for the continuance, and, as in New Mexico, the lower court has broad discretion in granting or denying continuances. *Feder v. Hiera,* 85 Ill.App.3d 1001, 41 Ill.Dec. 301, 303, 407 N.E.2d 799, 801 (1980). In New Mexico, a denial of a continuance that is within the trial court's discretion does not deprive a litigant of due process. *Yadon v. Quinoco Petroleum, Inc.,* 114 N.M. 808, 812–13, 845 P.2d 1262, 1266–67 (Ct.App.1992), *cert. denied,* 114 N.M. 720, 845 P.2d 814 (1993). In Illinois, a denial of a continuance, even if erroneous, is not a violation of due process. *Meyerson v. Software Club of Am., Inc.,* 142 Ill.App.3d 87, 96 Ill.Dec. 336, 339, 491 N.E.2d 150, 153 (1986); *see also Grant, Schon, Wise & Grant, P.C. v. R.W. Borrowdale Co.,* 114 Ill.App.3d 89, 69 Ill.Dec. 856, 858–59, 448 N.E.2d 574, 576–77 (1983) (giving

full faith and credit to a Michigan default judgment, although entered while requests for continuance were pending). In New Mexico, a continuance requested at the last-minute need not be granted. *Lopez v. City of Albuquerque,* 118 N.M. 682, 685, 884 P.2d 838, 841 (Ct.App.), *cert. denied,* 118 N.M. 533, 882 P.2d 1046 (1994). In Illinois, such a continuance must be based on especially persuasive reasons. *In re Marriage of Gallagher,* 256 Ill.App.3d 439, 194 Ill.Dec. 892, 893, 628 N.E.2d 389, 391 (1993). The request for continuance in this case did not inform the court when the search for airline tickets began, whether seats were available earlier, or whether any consideration was given to alternative travel arrangements, and it was not in the form required by Illinois procedure. All things considered, the Illinois court was well within its discretion in its implicit denial of the motion for continuance.

12. Although the precise words "due process" were not used, we have stated that the requisites for enforcing foreign judgments are that the foreign state have jurisdiction and "the parties were accorded a reasonable opportunity to fully litigate the issues involved." *Watson v. Blakely,* 106 N.M. 687, 689, 748 P.2d 984, 986 (Ct.App.1987), *overruled on other grounds by Kelly Inn No. 102, Inc. v. Kapnison,* 113 N.M. 231, 238, 824 P.2d 1033, 1040 (1992). In discussing a continuance in *In re Termination of Parental Rights of Laurie R.,* 107 N.M. 529, 534, 760 P.2d 1295, 1300 (Ct.App.1988), we said, "Procedural due process requires notice to each of the parties of the issues to be determined and opportunity to prepare and present a case on the material issues."

13. In this case, the record reflects that Husband was on notice that the hearing on Wife's petition would be held on November 22 and that his personal presence was required. Nothing but his own inaction or tardy action prevented him from presenting his case to the Illinois court. Nothing prevented him from appealing the Illinois judgment if he thought the Illinois court erred in entering it without expressly ruling on his motion for continuance or without granting his motion for continuance. *See Grant, Schon, Wise & Grant, P.C.,* 69 Ill.Dec. at 859,

448 N.E.2d at 577 (due process does not guarantee that no errors will be made, but rather provides a procedure for correction of errors). The Illinois court gave him that opportunity that is the essence of due process. In ruling otherwise, the court below erred.

14. The judgment is reversed and remanded with instructions to deny Husband's Motion to Deny Full Faith and Credit to Foreign Judgment. Wife is awarded her costs on appeal.

15. IT IS SO ORDERED.

DONNELLY and FLORES, JJ., concur.