This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JAMES A. CONWAY, JR.,**

     Petitioner-Appellee,

v.                                                    **NO. 28,351**

**LISA D. CONWAY, n/k/a**
**LISA D. LANCE,**

     Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Law Offices of Nancy L. Simmons, P.C.
David Meilleur
Albuquerque, NM

for Appellee

Lisa D. Lance
Cloudcroft, NM

Pro Se Appellant

## MEMORANDUM OPINION

**FRY, Chief Judge.**

     This appeal stems from a divorce proceeding.  Prior to trial, Wife's counsel filed a motion to withdraw that was granted by the court.  Wife then filed a motion to

continue the trial, arguing that Rule 1-089 NMRA (2002) required the court to provide her with twenty days to obtain new counsel. The court denied Wife's motion, and Wife appeared pro se at trial a few days later. Wife argues on appeal that the court erred in denying her motion for a new trial and that she was prejudiced by virtue of having to appear pro se. We disagree and affirm the order of the district court.

**BACKGROUND**

Husband filed for divorce in November 2004. The court entered a minute order in August 2007 that divided the parties' property, dissolved the marriage, and instructed Husband's counsel to prepare a final decree and parenting plan consistent with the order. Due to ongoing disputes between the parties, a final order adopting and approving the parties' parenting plan was not filed until January 2008. The litigation preceding that final order had proved to be rather contentious, so much so that the district court observed that Wife's anger was "far in excess of that normally seen in the dissolution of a marital relationship, and it is excessive even for a high conflict divorce."

The findings in the court's minute order were based on the testimony and evidence introduced at a trial on the merits that took place on June 25, 26, and 27, 2007. Twenty days before that trial, Wife's counsel filed a motion to withdraw based on Wife's failure to cooperate in the preparation of the case and a motion to continue

2

the trial based on Husband's failure to provide tax returns needed to assess spousal support. The district court held a hearing on the motions on June 18, at which the court granted the motion to withdraw but denied the motion to continue. A few days later, Wife, acting pro se, filed a motion to reconsider the denial of the motion to continue, arguing that Rule 1-089(B) required the court to provide her with twenty days to obtain new counsel. The court denied that motion, and the case proceeded to trial as scheduled on June 25 with Wife appearing pro se. Notably, Wife did not ask the court to reconsider its order allowing her counsel to withdraw, and she does not argue on appeal that the court's order allowing her counsel to withdraw was erroneous. Instead, Wife argues on appeal only that the district court erred by denying her motion for a continuance.

**DISCUSSION**

Wife contends that Rule 1-089(B) required the court to provide her with twenty days to obtain new counsel and that because the trial was scheduled within the twenty-day period, the court was required to continue the trial. While the district court clerk provided this Court with the record proper as well as audio recordings of various proceedings that occurred throughout the litigation, Wife failed to designate which transcripts of the proceedings are directly relevant to her issue on appeal. Specifically, there is no transcript or recording of the hearing at which Wife's counsel was

3

permitted to withdraw or the hearing at which Wife's motion for a continuance was denied. It is the duty of the appellant to provide a record adequate to review the issues on appeal. *See Dillard v. Dillard,* 104 N.M. 763, 765, 727 P.2d 71, 73 (Ct. App. 1986). "Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the [district] court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered." *Reeves v. Wimberly*, 107 N.M. 231, 236, 755 P.2d 75, 80 (Ct. App. 1988). We therefore address the merits of Wife's appeal bearing in mind that all presumptions and inferences must be resolved in support of the district court's denial of Wife's motion to continue.

We review the denial of a motion for continuance for an abuse of discretion. *Rubin v. Rubin*, 120 N.M. 592, 595, 904 P.2d 41, 44 (Ct. App. 1995). "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153. When reasons both supporting and detracting from a decision exist, there is no abuse of discretion. *Talley v. Talley*, 115 N.M. 89, 92, 847 P.2d 323, 326 (Ct. App. 1993).

Because of Wife's failure to provide an adequate record, we must presume that the facts and circumstances adduced at the hearing support the district court's denial

of Wife's motion to continue and that the court therefore did not abuse its discretion by declining to continue the trial. *See Reeves*, 107 N.M. at 236, 755 P.2d at 80. Despite this presumption, because Wife argues that Rule 1-089(B) required the court as a matter of law to automatically grant her a continuance, we briefly address Wife's argument, which involves a question of law that we review de novo. *See N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 7, 127 N.M. 654, 986 P.2d 450 (noting that "even when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo" (internal quotation marks and citation omitted)).

The version of Rule 1-089(B) in effect at the time of the hearing provided that "[f]ollowing withdrawal by counsel, an unrepresented party shall have twenty (20) days within which to secure counsel or be deemed to have entered an appearance pro se."[1] Wife argues that this rule required the district court to provide her with twenty days to obtain new counsel and that because the trial was scheduled within that twenty-day period, the rule required the court to grant a continuance. We disagree.

We have previously held that a district court has the inherent authority to

---

[1]The rule was amended in 2008 and now provides that "[w]hen an order permitting withdrawal [of counsel] will result in a party to an action not being represented by an attorney, the order shall reasonably advise that the unrepresented party shall have twenty (20) days to retain an attorney or be deemed to have entered an appearance pro se." We apply the rule that was in place at the time of trial to this appeal.

5

control the cases on its docket by supervising and controlling the movement of cases from filing through the final disposition. *State v. Ahasteen*, 1998-NMCA-158, ¶ 28, 126 N.M. 238, 968 P.2d 328. This power "is the power necessary to exercise the authority of the court" and "[i]t exists so that a court may perform its functions." *In re Jade G.*, 2001-NMCA-058, ¶ 27, 130 N.M. 687, 30 P.3d 376. Under Wife's interpretation of the rule, any time a court allows the withdrawal of counsel less than twenty days before a proceeding, the court would automatically have to continue the proceeding in order to provide the litigant with twenty days to obtain new counsel. Such a mandate is inconsistent with a court's inherent power to manage its docket and would allow litigants to delay proceedings by forcing the withdrawal of counsel.

Contrary to Wife's assertion that the rule provides a guaranteed twenty-day period for unrepresented litigants to obtain new counsel, we conclude that the purpose of the rule is merely to put the unrepresented party on notice of the fact that she will be deemed to be pro se if she does not obtain new counsel within the twenty-day period contemplated by the rule, and to put the opposing party and the court on notice of the status of the unrepresented party. This does not mean that the party cannot enter a pro se appearance within that twenty-day period, thereby waiving any additional time to obtain counsel that might be permitted under the rule, nor does it mean that no proceedings can occur within the twenty-day period. Instead, the rule

merely ensures that a party whose counsel has withdrawn is aware of the fact that if no action is taken in the twenty days following withdrawal, the party will automatically be considered to have entered an appearance pro se and be responsible for the prosecution or defense of the case.

Having concluded that Rule 1-089 did not require the court to automatically grant a continuance upon withdrawal of Wife's counsel, we now consider whether the court's denial of a continuance was an abuse of discretion. As previously noted, "[t]he grant or denial of a continuance is within the sound discretion of the [district] court," and the party seeking the continuance "must establish not only an abuse of discretion, but also that the abuse was to the injury of [that party]." *State v. Salazar*, 2007-NMSC-004, ¶ 10, 141 N.M. 148, 152 P.3d 135 (internal quotation marks and citation omitted). Wife argues that she was prejudiced solely by virtue of having to appear pro se.[2] She contends that she had no education or training to prepare her for a trial, that she had no knowledge of the rules of procedure, and that she has "no courses or training at all to prepare her for an appeal."

---

[2]Wife also contends that she was prejudiced by the court's ruling on a motion to continue *her counsel filed* based on Husband's refusal to comply with a discovery order. **[BIC 6]** Because this motion was filed by Wife's counsel prior to withdrawal, any prejudice Wife may have suffered as a result of the denial of this motion cannot be attributed to the court's failure to comply with Rule 1-089 or her appearance pro se.

The fact that a party appears pro se is not by itself sufficient to establish prejudice. *See Thomas v. Thomas*, 1999-NMCA-135, ¶ 23, 128 N.M. 177, 991 P.2d 7 (noting that "there is nothing in pro se status alone that hampers [a litigant] from presenting her case. The fact that she [does] not know how to do so is her own responsibility"). Aside from having had to appear pro se, Wife does not argue that she suffered any other prejudice as a result of the court's failure to continue her case.

In addition, Wife has failed to demonstrate that the court's failure to comply with Rule 1-089 caused her to appear pro se. Wife had fourteen days between the date that the court orally granted counsel's motion to withdraw and the date of trial. Thus, Wife's argument on appeal is that she was prejudiced by the lack of the six additional days she would have had to obtain a new attorney pursuant to the rule. Wife does not contend, however, that had she had the benefit of this additional time she would have been able to obtain new counsel.

In fact, at the hearing on her counsel's motion to withdraw, the limited information that we have regarding that proceeding reflects that Wife informed the court that "[thirteen] attorneys [had] declined to take [the] case." Similarly, the summary of the hearing on Wife's motion to continue the case indicates that Wife was "having trouble finding an attorney" and that prior to ruling that there was no basis for a continuance, the court asked Wife, "What will change if [the court] postpones [the]

8

hearing[?]" While there is no record of how Wife responded to this question, because we must make all reasonable presumptions in favor of the correctness of the court's ruling, we can reasonably infer that the court concluded that it was unlikely that Wife would have obtained counsel even if she were given a full twenty days to obtain new counsel.

Tellingly, Wife did not retain counsel after the trial, and Wife still does not have counsel on appeal. Despite not having counsel, Wife filed pro se motions in July, October, and November 2007, as well as a number of motions in 2008. In addition, Wife appeared pro se at hearings in October, November, and December 2007, and, still acting pro se, Wife filed two motions before this Court seeking extensions of time to file a docketing statement, a brief-in-chief, and a reply brief. These circumstances support the presumption that Wife would not have been able to obtain new counsel even if she received the benefit of six extra days to search for an attorney.

Because Wife has failed to show, or even argue, that she would have been able to obtain replacement counsel had she had the benefit of the full twenty days contemplated by the rule, and because appearing pro se by itself is insufficient evidence of prejudice, we conclude that Wife has failed to demonstrate that she was prejudiced by any error of the court in denying Wife's motion to continue the trial. We therefore affirm the order of the district court.

**CONCLUSION**

For the foregoing reasons, we affirm the judgment of the district court.

**IT IS SO ORDERED.**

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

**RODERICK T. KENNEDY, Judge**

**LINDA M. VANZI, Judge**

10