This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STANDAGE FARMS, INC.,**

Plaintiff-Appellee,

v.                                                              NO.   30,912

**LUSK ONION, INC.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**David P. Reeb, Jr., District Judge**

Law Office of George Dave Giddens, P.C.
Denise Trujillo
Albuquerque, NM

for Appellee

Behles Law Firm, P.C.
Eric N. Ortiz
Jennie Deden Behles
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant has appealed from the district court's order denying its motion to stay registration and enforcement of a foreign judgment. Defendant also filed a motion in this Court to stay the judgment or alternatively set a value for bond under

Rule 1-062 NMRA. We issued an order holding the motion in abeyance pending calendaring because it was not clear to this Court that Defendant's appeal was from a final, appealable order. Defendant filed a docketing statement in this Court and the record proper, but did not specifically address any of the finality concerns we expressed in our order. Still unconvinced that the order refusing to stay registration of the foreign judgment was final and appealable, we issued a notice of proposed summary disposition, proposing to dismiss for lack of finality. Defendant filed a response to our notice and persuaded us that the district court's order was sufficiently final and that the district court's ruling was erroneous. We were not persuaded, however, that the district court improperly denied Defendant's motion for stay, and we refused to set a bond amount. We issued a second notice of proposed summary disposition, proposing to reverse and to deny the motion for stay.

Plaintiff filed a response to our second notice proposing reversal, arguing that our first notice was correct and the district court's order is non-final and opposing summary reversal. Defendant filed a memorandum in reply to Plaintiff's response and also continues to argue that the district court improperly denied its motion for stay. We have considered the parties' responses. We remain persuaded that the district court did not err by refusing to stay the judgment pending appeal. Therefore, we deny Defendant's motion for stay or set a bond amount filed in this Court on December 15,

2010. We also remain persuaded that the district court's order is sufficiently final for appeal and that the district court erred. Therefore, we reverse the district court and remand for consideration of the jurisdictional matter on the merits.

**Finality**

In response to our second notice, Plaintiff argues that our first notice was correct in proposing to hold that the district court's order denying Defendant's motion to stay domestication or to vacate the foreign judgment was non-final. Plaintiff agrees that the district court's order did not contain the requisite decretal language and did not require the parties to take any further action. [Plaintiff's MIO to 2nd CN 1] Plaintiff does not assert, however, that it cannot now enforce the foreign judgment against Defendant since the district court refused to stay it. Also, Plaintiff does not refer us to any authority that addresses the statutory grounds we relied upon in our second notice. Without authority and without any indication from Plaintiff about what else is required for Plaintiff to pursue the money judgment against Defendant, we believe that the district court's order is sufficiently final for appeal.

**Motion for Stay or Set Bond Amount**

As we have stated, Defendant moved for stay of judgment in district court and seeks review of the district court's denial of the stay in this Court pursuant to Rule 12-207 NMRA. "Although a stay pending appeal is a substantive right, this right is

contingent upon the appellant posting a satisfactory bond. The posting of the bond is the procedural mechanism by which an appellant secures the right to stay." *Grassie v. Roswell Hosp. Corp.*, 2008-NMCA-076, ¶ 8, 144 N.M. 241, 185 P.3d 1091. Defendant did not post a supersedeas bond. Therefore, we cannot say that the district court erred by denying Defendant's motion for stay. Also, it is not our role to determine the appropriate bond amount for Defendant to post in district court. *See, e.g.*, Rule 1-062(D) ("The stay is effective when the supersedeas bond is approved by the district court."). Defendant has not referred this Court to any authority to support a stay without the posting of a bond or to support our authority determine the appropriate bond amount. As a result, Defendant's motion for stay is hereby denied.

**Jurisdictional Issue**

In response to our second notice, Plaintiff states that it disagrees with Defendant that the district court refused to consider Defendant's jurisdictional challenge to the foreign judgment on its merits. [Plaintiff's MIO to 2nd CN 2-3] Plaintiff asserts that at the hearing on the motion to stay registration of the foreign judgment, Plaintiff presented evidence of the affidavit of service and summons, showing that Defendant was personally served with the complaint and had sufficient time to object to jurisdiction. [Id. 2] Also, Plaintiff asserts that it presented evidence

5

to the district court that, under Oregon rules, personal jurisdiction over Defendant was proper in Oregon due to the fact that the act arose out of a promise by Defendant to deliver goods or receive goods in Oregon. [Id. 2]

Based on the arguments in Plaintiff's pleadings, the arguments revealed by the short tape log, and the district court's bare order, we are persuaded that the district court did not rule on Defendant's challenge to the foreign judgment on the grounds of fraud and lack of jurisdiction. [RP 33-40, 60-62, 64] *See State v. Calanche*, 91 N.M. 390, 392, 574 P.2d 1018, 1020 (Ct. App. 1978) (stating that factual recitations in the calendaring documents filed in this Court are accepted as true unless the record on appeal shows otherwise). We are persuaded that the district court ruled on the grounds argued by Plaintiff—that Defendant cannot collaterally attack the Oregon judgment and should have asserted its defenses in the Oregon court. [RP 36-39, 61-62] We agree with Defendant that Plaintiff and the district court were incorrect. Fraud and lack of jurisdiction are two grounds on which a party may collaterally attack a foreign judgment and "destroy the full faith and credit owed a foreign judgment." *Jordan v. Hall*, 115 N.M. 775, 778, 858 P.2d 863, 866 (Ct. App. 1993).

As we stated in our notice, not all foreign judgments are entitled to full faith and credit. *See Conglis v. Radcliffe*, 119 N.M. 287, 289, 889 P.2d 1209, 1211 (1995). A judgment debtor may collaterally attack the validity of a foreign judgment "on one of

the grounds that justifies the denial of full faith and credit, such as lack of jurisdiction, lack of due process, or extrinsic fraud." *Id.* In *Conglis*, our Supreme Court expressly stated that

> in any effort to avoid enforcement of a judgment filed pursuant to Section 39-4A-3, a judgment debtor is limited to grounds traditionally recognized as sufficient to avoid the res judicata effect of a foreign judgment; for example, *lack of subject matter or personal jurisdiction* of the rendering court, lack of due process, *fraud in procurement (extrinsic fraud)*, or other grounds making the judgment invalid or unenforceable.

*Id.* (emphasis added).

In district court, Defendant moved to vacate the default judgment entered by the Oregon court for lack of personal jurisdiction and fraud, alleging specific facts to support these claims. [RP 24-26, 47-59] *See id.* (stating that in order to have a hearing on the substance of a claim that foreign judgment should be set aside, the judgment debtor "must set forth a credible factual basis to support the asserted legal basis upon which the debtor seeks to avoid the enforcement of the judgment"). The tape log shows that, at the hearing, the district court did not reach the merits of Defendant's defenses and ruled that Defendant should have asserted the defenses to the Oregon court. [RP 61-62] Because fraud and lack of jurisdiction are two grounds on which a party may collaterally attack a foreign judgment, we reverse and remand for the district court to consider the merits of Defendants' defenses. *See Jordan*, 115 N.M. at 778, 858 P.2d at 866.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**TIMOTHY L. GARCIA, Judge**

8