This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**BARRY FREEDMAN, on behalf of Ute Lake Ranch, Inc., a Colorado Corporation,**

Plaintiff-Appellant,

**v.**                                                          **No. 35,287**

**BOARD OF COUNTY COMMISSIONERS FOR QUAY COUNTY,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Kea W. Riggs, District Judge**

Gordon & McWhirter LLC
Paul Gordon
Denver, CO

Richard F. Rowley II
Clovis, NM

for Appellant

Donald C. Schutte
Tucumcari, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}    Plaintiff appeals from a district court order granting the County's motion to dismiss. We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition. We affirm.

{2}    Plaintiff continues to claim that the district court erred in granting Defendant's motion to dismiss. Plaintiff's complaint asserted that it was being brought on behalf of a company ("ULR") incorporated in Colorado and engaged in business in Quay County. [RP 1] Plaintiff, the majority shareholder of ULR, claimed to be bringing the suit "as a derivative claim on behalf of ULR." [RP 2, ¶ 7] The district court dismissed the action based on a Colorado court order appointing a receiver for ULR, and giving the receiver exclusive authority over all corporation matters, including litigation. [RP 176]

{3}    New Mexico courts accord full faith and credit to the judgments to other states, unless the judgment is void. *See Jordan v. Hall*, 1993-NMCA-061, ¶ 5, 115 N.M. 775, 858 P.2d 863 ("The final determinations by the courts of one state are entitled to full faith and credit in the courts of its sister states."). Because "foreign judgments cannot be collaterally attacked on the merits," after the foreign judgment is filed, "the

grounds for reopening or vacating are limited to lack of jurisdiction, fraud in the procurement, lack of due process, or other grounds making a judgment invalid or unenforceable." *Id.* ¶ 6.

{4} Plaintiff's complaint indicated that he had requested the Colorado Receiver to initiate litigation against Defendant, but the Receiver refused to do so. [RP 2] We believe that Plaintiff's remedy was to petition the Colorado courts for relief, rather than to ask New Mexico courts to effectively ignore the Colorado court order [RP 11] appointing the Receiver. We note that the Receiver's exclusive authority over any ULR litigation [RP 12, ¶ 5] is consistent with New Mexico's corporate receivership provisions. *See* NMSA 1978, § 53-16-17(D) (1975) ("A receiver of a corporation appointed under the provisions of this section may sue and defend in all courts in his own name as receiver of the corporation. The court appointing the receiver has exclusive jurisdiction of the corporation and its property, wherever situated."). We also disagree with Plaintiff's contention that it would be necessary for a New Mexico court to appoint a receiver in order to give him a fair hearing on the issues. [MIO 2-3] In light of the exclusive authority granted to the Receiver by the Colorado court, Plaintiff's remedy is to seek relief from that court. We will not undermine the Colorado court by independently allowing Plaintiff to initiate litigation on ULR's behalf in New Mexico.

3

{5} For the reasons set forth above, we affirm.

{6} **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**J. MILES HANISEE, Judge**