640 P.2d 929

Joseph C. LEMON, Administrator of the Estate of Bernice Potter, Deceased, and Henry W. Potter, Plaintiffs-Appellees,

v.

Carlos HALL, Carlos Hall, Jr., and Karla Gutierrez, Cross-Plaintiffs-Appellants,

v.

CARLSBAD NATIONAL BANK, a National Bank, as Trustee of the Testamentary Trust of Nelle G. Scheurich, Deceased, Defendant-Appellant.

No. 13769.

Supreme Court of New Mexico.

Feb. 17, 1982.

Sommer, Lawler & Scheuer, Joseph A. Sommer, Santa Fe, for cross-plaintiffs-appellants.

Lee Deschamps, Taos, J. Lee Cathey, Carlsbad, for plaintiffs-appellees.

## OPINION

SOSA, Senior Justice.

In this appeal, we reverse the trial court's partial summary judgment in favor of appellees.

The Last Will and Testament of Nelle Scheurich created a trust for the support and maintenance of Bernice Potter, Carlos Hall, Carlos Hall, Jr., and Karla Gutierrez. The Carlsbad National Bank (Bank) was designated as trustee. The trust provided for fixed monthly sums to be paid the beneficiaries, and gave the Bank discretion to increase or decrease the monthly sums according to inflation, each beneficiary's need, or both.

In 1976, due to inflationary conditions, the Bank and the beneficiaries filed a declaratory action in the District Court of Eddy County (No. 31,977) to have the duration of the Scheurich trust clarified and to permit the Bank to increase the monthly payments without affecting the interest of contingent beneficiaries. The district court entered judgment on December 9, 1976, construing the trust to terminate at the death of the last of either Bernice Potter or Carlos Hall, in the event either of them should live beyond July 1, 1977. The court also ordered the Bank to distribute fifty percent of the net income, less income tax withholdings, to the individual beneficiaries until the death of both Bernice Potter and Carlos Hall.

On February 25, 1979, Bernice Potter died intestate, and the Bank discontinued making monthly payments to her. The administrator of Potter's estate and her husband filed suit against the Bank for an accounting, for an injunction from improperly withholding monthly distributions from the Potter estate, and for punitive damages. The Bank answered, denying any obligation

to make payments to the Potter estate under the judgment in Cause Number 31,977.

Both parties then moved for summary judgment. The trial court, after hearing argument of counsel, entered a partial summary judgment in favor of the estate declaring that, under the clear and unambiguous meaning of the judgment in Cause Number 31,977 the Bank was to make monthly payments to the Potter estate until the death of Carlos Hall. The court also ordered the Bank to render an accounting. The Bank appeals.

The relevant portions of the judgment in Cause Number 31,977 are:

1. The Will is hereby construed and interpreted to mean that in the event plaintiff Bernice Potter or plaintiff Carlos Hall shall live beyond 1 July 1977, that at the death of the last of either plaintiff Bernice Potter or plaintiff Carlos Hall to die, the Trust shall terminate and the remaining corpus go to, and be vested in equal shares in, plaintiff Carlos Hall, Jr. and plaintiff Karla H. Gutierrez absolutely, and that should either Carlos Hall, Jr. and Karla H. Gutierrez be deceased at the time of the death of the last of plaintiff Bernice Potter or plaintiff Carlos Hall to die, leaving issue of his or her bodies, then that such remaining corpus shall go to, and be vested in equal shares in his or her respective survivors *per stirpes* and not *per capita.* [Italicized in original.]

2. The Will is hereby construed and interpreted to mean that because of inflation, business conditions, *personal financial requirements, the lack of other assets, inheritances, or income of the Individual Beneficiaries, their actual needs,* the additional state and federal income taxes that will become payable by reason of the amount of income being accumulated rather than distributed by the Trust, and other provisions of the Will, *the Trustee shall distribute to the Individual Plaintiffs* in substantially the same proportions and ratios as set forth in paragraph (C) of the Fourth Article of the Will, fifty percent (50%) of the net income before fiduciary income taxes, *with the Trustee reserving from the distribution to each such Individual Plaintiff* an amount reasonably estimated to constitute income taxes thereon and/or making payment directly to the Internal Revenue Service of quarterly income tax payments, and that the foregoing distribution of fifty percent (50%) of the net income less withholding for income taxes, be continued until the death of both plaintiff Bernice Potter and plaintiff Carlos Hall in the same respective proportions or ratios. [Emphasis added.]

The issue we decide is whether the trial court was correct in concluding that the above judgment requires the Bank to make payments to the Potter estate until the death of Carlos Hall. We hold that it does not.

Generally, a judgment which is clear and unambiguous must be enforced, and neither pleadings, findings nor matters outside the record may be considered to change the meaning of the judgment. *Parks v. Parks,* 91 N.M. 369, 574 P.2d 588 (1978). However, when the meaning of the judgment is doubtful or ambiguous, the judgment, pleadings, and the entire record may be resorted to for the purpose of construing the judgment. *Hollingsworth v. Hicks,* 57 N.M. 336, 258 P.2d 724 (1953).

In this case, we find that the judgment in Cause Number 31,977 is ambiguous as to whether the Bank must make payments to the Potter estate.

The judgment made mandatory a certain distribution of the trust monies to the individual beneficiaries. The amount of such distribution was to be increased in accordance with inflationary conditions, *individual need,* and other *individual* criterion, less an amount reasonably estimated for *individual* income taxes. Thus, it appears that the intent of the judgment was to order the distribution to each individual during his or her life. However, the judgment then provided that such distribution "be continued until the death of both plaintiff Bernice Potter and plaintiff Carlos Hall." This lat-

ter statement creates an ambiguity in the judgment. The judgment can be interpreted to order either a distribution to each individual beneficiary during his or her lifetime, or a distribution to each individual or individual's estate until the death of both Bernice Potter and Carlos Hall.

The former construction would be supported by reference to the first paragraph of the judgment, which provides for a distribution of the corpus in the event of the death of either Carlos Hall, Jr., or Karla Gutierrez. It is not clear what distribution would be made in the event Bernice Potter or Carlos Hall predecease the other.

Although we are obliged to enforce the judgment, in doing so we are required to determine the intention and meaning of the judgment and resort to the pleadings and other documents of record to ascertain the rights of the Potter estate and the remaining beneficiaries. *See Mundy & Mundy, Inc. v. Adams,* 93 N.M. 534, 602 P.2d 1021 (1979).

A review of the record in Cause Number 31,977 reveals that the Potter estate is not entitled to monthly payments until the death of Carlos Hall. Subsection (c) of the Fourth section in the Scheurich Will (referred to in the judgment) states that the trustee shall make certain proportionate monthly payments to the four beneficiaries "so long as each of such persons shall live, subject, however, to the termination of this trust as herein provided." Subsection (d) of the Fourth section provides:

> If during the term of this trust any of the persons named in paragraph (c) above shall die then the interest of such deceased persons in this trust shall terminate and the heirs, executors and administrators of such deceased persons shall have no claim to the trust estate except as hereinafter provided.

From this language, it is clear that the judgment only intended to construe the trust as terminating at the death of both Bernice Potter and Carlos Hall; it did not intend that the income distribution to each beneficiary continue until such time. The income distribution was to be made to the individual beneficiaries while they lived.

Upon the death of Bernice Potter or Carlos Hall, their respective interests in the trust would terminate, and their heirs, executors and administrators would have no interest in the trust. Upon the death of both of them, the corpus of the trust would be distributed in accordance with paragraph 1 of the judgment in Cause Number 31,977.

We hold that the Potter estate is not entitled to monthly distributions from the Scheurich trust.

The district court is reversed, and this cause is remanded for entry of judgment in favor of appellants.

IT IS SO ORDERED.

EASLEY, C. J., and RIORDAN, J., concur.