705 P.2d 165

**STATE of New Mexico, ex rel. DEPART-
MENT OF HUMAN SERVICES, In the
Matter of Child Doe, Petitioner-Appel-
lant,**

v.

**Jane DOE and John Doe,
Respondents-Appellees.**

**Nos. 8029, 8060.**

Court of Appeals of New Mexico.

July 18, 1985.

Joseph M. Holmes, Pickett, Bates & Holmes, Las Cruces, for respondents-appellees.

Paul G. Bardacke, Atty. Gen., Richard J. Rubin, Ellen Souberman, Sp. Asst. Attys. Gen., Human Services Dept., Santa Fe, for petitioners-appellants.

OPINION

NEAL, Judge.

The children's court dismissed an abuse and neglect petition against respondents. We reverse.

The dispositive issue in this case is whether a stipulation between the parties, which was approved by the children's court judge, constitutes a consent decree under NMSA 1978, Child.Ct. Rule 59 (Repl.Pamp. 1982), or a temporary custody order under NMSA 1978, Child.Ct. Rule 54 (Repl.Pamp. 1982). The court below ruled that the stipulation was a temporary custody order, and because the state did not seek an adjudicatory hearing on the petition within the time limit of NMSA 1978, Child.Ct. Rule 60 (Cum.Supp.1984), it was required to dismiss the petition.

The Human Services Department (HSD) was given custody of the child by Las Cruces law enforcement officers on January 25, 1984. Two days later an ex parte custody order giving custody of the child to HSD was entered by the children's court. The order was entered based on an affidavit by an HSD social worker stating the child, one year old at the time, was in critical medical condition, chronically malnourished, and neglected. The same day, an abuse and neglect petition was filed, naming the parents as respondents. A hearing was set for February 1, 1984. At the hearing, a stipulation was entered on the record. Respondents agreed to temporary custody in HSD, subject to the six-month statutory review of the children's code. Respondents were given limited visitation rights. The purpose of the stipulation was to allow the child to receive required medical treatment. The court approved the stipulation, and granted custody to the state for a period not to exceed six months by an order entitled "Temporary Custody Order."

On July 16, 1984, the children's court attorney filed a motion for periodic review, including a statement of facts to request an extension of the custody and treatment plan. At the hearing on the motion, re-

spondents moved to dismiss the abuse and neglect petition, under Rule 60. Although the motion was opposed by the guardian ad litem and the children's court attorney, it was granted by the court. The basis for the ruling was that the order based on the stipulation of February 7, 1984, was a temporary custody order under Rule 54, rather than a consent decree, and the state failed to hold a hearing within sixty days as required by Rule 60. The petition was dismissed with prejudice.

The court stated:

THE COURT: I think it's tragic, but I don't think I am in a position to ignore what the clear law is. The purpose of the hearing that was held on February 1st was for temporary custody. There was a notice sent out, not properly served, incidentally, but the notice said, We will have a hearing for temporary custody.

At that hearing, Mr. Arrieta made this statement—Well, first Mr. Suina said, "Yes, your Honor, I believe we have reached a stipulation as to temporary custody." And he said that again. Nowhere was there any statement made to the Court that this was an adjudicatory hearing.

I would not have even given temporary custody had I not asked Dr. Galvan, or somebody, to assure me that there had been abuse, because you can't even give temporary custody absent an abuse situation.

The law is clear that the only way you can extend the 60 days provided by Rule 60 is by order of the Supreme Court. I don't have that authority. There was no adjudicatory hearing held within that time set forth in the Supreme Court rules. And the rule provides that if the adjudicatory hearing is not begun within the time specified, then the petition will be dismissed with prejudice.

I feel I have no choice except to dismiss the petition with prejudice. I do that with reluctance. I do not think that it's in the best interest of this child, but

Mr. Arrieta is legally correct. The petition will be dismissed.

The guardian ad litem filed a motion for rehearing which was orally denied by the court on August 9, 1984. Both the guardian ad litem and HSD appeal, and the two appeals were consolidated by this court. The sole issue is the effect of the stipulation of the parties transferring custody of the child to HSD. HSD and the guardian ad litem contend that the order was a consent decree under Rule 59, and had the effect of suspending proceedings in the case. Respondents argue that the order was under Rule 54, which provides for a hearing on the custody of the child pending an adjudicatory hearing. We hold that the order in effect was a consent decree under Rule 59.

Rule 59 provides for the entry of a consent decree in neglect cases subject to specified requirements. Rule 59(b) defines a consent decree as

an order of the court, after an admission has been made, that suspends the proceedings on the petition and in which, under terms and conditions negotiated and agreed to by the respondent and the children's court attorney:

(1) the legal custody of the child is transferred to the department for a period not to exceed six months from the date of the consent decree; and

(2) the child is allowed to remain with the respondent or other person and that the respondent will be under supervision of the department for a period not to exceed six months.

The oral stipulation and temporary custody order meet the requirements of Rule 59(b)(1) in that legal custody of the child is given to HSD for a period not to exceed six months. The oral stipulation and temporary custody order also meet the requirements of Rule 59(b)(2) in that the order provides that the child remain with HSD or another person (foster parents) and provides that respondents have supervised and limited visitation with the child during that six-month period.

The rule requiring an admission by the respondents, Rule 59(a), states: "The respondent may make an admission by: (1) admitting sufficient facts to permit a finding that the allegations of the petition are true; or (2) declaring his intention not to contest the allegations in the petition." Before the children's court accepts an admission or approves a consent decree, the court must address the respondent personally in open court and determine that:

(1) he understands the allegations of the petition;

(2) he understands the dispositions the court may make if the allegations of the petition are found to be true;

(3) he understands he has a right to deny the allegations in the petition and to have a trial on the allegations;

(4) he understands that if he makes an admission or agrees to the entry of the consent decree, he is waiving the right to a trial;

(5) the admission or provisions of the consent decree are voluntary and not the result of force or threats or of promises other than any consent decree agreement reached.

Rule 59(c).

Respondents argue that the hearing and subsequent order did not comply with the dictates of Rule 59. They argue that they neither admitted to the allegations of the petition nor declared an intent not to contest the allegations of the petition; they simply appeared for a temporary custody hearing, and entered into a stipulation granting temporary custody to HSD.

At the hearing, the children's court judge addressed the parties, asking them if they understood that they were entitled to a trial and if they were agreeing to the state's taking custody of their child. The court asked respondents' attorney if he was satisfied that respondents understood that by making the agreement, they were not going to have a trial. Further, the trial court explained to the parents:

The State is saying, You neglected this child, and that in neglecting this child you have in effect hurt her, and that because of that the child should be put in the custody of the State of New Mexico. That's the purpose of this.

Soon after this statement, the children's court judge directed respondents' attorney to visit with his clients to determine if they fully understood the proceedings. After the recess, respondents' attorney stated:

Your honor, I think the on part of [Mr. Doe], he has problems communicating. And he didn't understand the big words you were using. I explained to him that it's up to a period of six months. And when they are financially able to take care of her and have a home and are in a position to provide the attention that she needs, they will wish to file a petition for a hearing wishing to return custody to them at that time.

The children's court also asked the pediatrician responsible for the care of the child whether he was satisfied that there had been neglect and abuse in the case. Dr. Galvan, a pediatrician who examined the child when she first arrived at the hospital, replied, "Yes."

■ The record of the oral stipulation reveals that the court made numerous inquiries of respondents to insure that they understood the nature of the proceedings. The court recessed to allow them to consult with their attorney. In open court, the court determined that they understood the allegations of the petition, and the dispositions the court could make if the allegations were found to be true, that they had a right to deny the allegations and have a trial on the petition, that by agreeing to the stipulation they waived their right to trial, and that their agreement was voluntary. The court's questions substantially satisfied the inquiry requirements of Rule 59(c).

■ Rule 59(e) states that the court must be satisfied that a factual basis exists for the current decree before entering judgment on the consent decree. This requirement was satisfied by the testimony of Dr. Galvan. He stated the child's condition was the result of neglect.

Respondents, however, argue that they entered into a temporary custody order under Rule 54. Under Rule 60, such a hearing must be held within sixty days after the petition is served when the child is in the custody of HSD. As the hearing was not held within that time limit, they contend the court below was correct in dismissing the petition. NMSA 1978, Child. Ct.R. 60(e).

The hearing was for the purpose of determining temporary custody, according to the notice of hearing. Rule 54 requires a hearing within ten days of the filing of the petition; the hearing was held on February 1, 1984, and the petition was filed January 27, 1984. The children's court attorney stated that the purpose of the hearing was to reach a stipulation on the temporary physical and legal custody of the child. Although nothing in Rule 59 prohibits the parties from entering a consent decree at the time of the temporary custody hearing, from the face of it, the hearing was for the ostensible purpose of determining temporary custody. Custody under a Rule 59 consent decree or adjudication is also temporary, however, as it is subject to the six-months review scheme of the statutes.

■ Respondents argue that the inquiries regarding the allegations of the petition were for the purpose of establishing the probable cause required under Rule 54 to grant temporary custody to HSD. They contend that the inquiries did not establish an admission under Rule 59. In this position they are incorrect. The parties entered a stipulation in which respondents did not contest the allegations of the petition. They agreed with the court's assessment that "in neglecting this child you have in effect hurt her." Rule 59(a)(2) defines an admission as a declaration not to contest the allegations of the petition. We hold the admission requirement was satisfied. *See State v. Doe*, 92 N.M. 354, 588 P.2d 555 (Ct.App.1978), in which a motion for a consent decree in a delinquency proceeding stating that the child did not object to the decree was deemed an admission sufficient to authorize a consent decree.

Respondents also argue that the order and stipulation could not be a consent decree because a disposition under NMSA 1978, Child.Ct. Rule 62 (Repl.Pamp.1982) was not entered. However, because there was a consent decree, no adjudicatory hearing was needed, and no disposition other than the stipulation and order were required.

■ In construing the decree, we must consider the record as a whole. *See Lemon v. Hall*, 97 N.M. 429, 640 P.2d 929 (1982). In context, we are persuaded the order should be construed as a consent decree under Rule 54. Rule 54 allows custody dispositions pending an adjudication on the petition. Only a consent decree or a disposition following a hearing is subject to a six-month review as set out in the agreement of the parties. Respondents agreed to place the child in the state's custody "subject to the six-month statutory review process of the Children's Code." The stipulation clearly indicates the parties agreed to a hearing before the child could be returned to respondents. Consent judgments are construed as a contract between the parties, not as a judicial determination. *Owen v. Burn Construction Co.*, 90 N.M. 297, 563 P.2d 91 (1977). A temporary custody order requires an adjudicatory hearing within sixty days. Had that been the intent of the parties at the time of the stipulation, it is difficult to understand why they agreed to the longer six-month review process.

■ Respondents also point to the title of the order, "Temporary Custody Order," and argue the fact that HSD's attorney sought the six-month review under NMSA 1978, Child Ct. Rule 45 (Repl.Pamp.1982) disqualifies the stipulation as a consent decree. Such an argument puts form over substance. Reviews under NMSA 1978, Section 32–1–38.1 (Cum.Supp.1984) and Rule 45 are substantially the same. The motion was made within six months, as provided in both the statute and the rule. The fact that the order was called a temporary custody order is not dispositive, when

all the circumstances are taken into account.

We, therefore, remand to the children's court for proceedings consistent with our determination that the order in question is a consent decree under Rule 59.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.