2008-NMCA-092

189 P.3d 676

**Arnold N. MILLER, Plaintiff–Appellee,**

v.

**Robert Dale MORRISON, Defendant–Appellant.**

**No. 27,317.**

Court of Appeals of New Mexico.

May 28, 2008.

Keleher & McLeod, P.A., Jeffrey A. Dahl, Albuquerque, NM, for Appellee.

Law Offices of Robert Dale Morrison, Robert Dale Morrison, Albuquerque, NM, for Appellant.

## OPINION

VIGIL, Judge.

{1} This case requires us to determine whether a money judgment Plaintiff obtained against Defendant in Texas is entitled to recognition in New Mexico. We conclude that the Texas court did not acquire jurisdiction over Defendant and that the judgment is therefore not entitled to full faith and credit in New Mexico.

## I. BACKGROUND

{2} In 1998, a settlement agreement was reached in a dispute that is unrelated to the current issue on appeal. Under the settlement, Plaintiff was to convey a Texas office building to Defendant, who would then sell the building. The proceeds from the sale were first to be applied to Plaintiff's debt that was secured by a deed of trust on the building, and the remaining proceeds were to be divided between Defendant and a third party. However, after the settlement, Defendant decided not to sell the building.

{3} In 1999, Plaintiff filed an action in Texas to regain possession of the building. On March 11, 1999, notice of the action was mailed to Defendant by the clerk of the Texas court by return receipt mail. The return receipt was received by the Texas court on March 19, 1999, showing that notice of the action was received on March 15, 1999. However, the delivery receipt was not signed by Defendant; it was signed by someone named Rebecca T. Sorrel. Defendant did not file an answer or appear to defend in the proceeding, although there was communication between Defendant and Plaintiff's attorney. Plaintiff reclaimed the office building on June 29, 1999, and sold it the following month.

{4} Almost two years later, on June 19, 2001, the Texas court entered a default judgment against Defendant for money damages, which related to the reclamation of the property. On July 22, 2005, four years after the default judgment was entered in Texas, Plaintiff filed the Texas default judgment in the district court in New Mexico to domesticate the Texas default judgment in New Mexico pursuant to the Foreign Judgments Act, NMSA 1978, §§ 39–4A–1 to –6 (1989, as amended through 1994). Asserting that the Texas judgment was not entitled to recognition in New Mexico, Defendant filed a "Motion To Stay Enforcement, To Dismiss and For Non–Recognition of Foreign Judgment." After two hearings, the district court filed its order denying Defendant's motion, and this appeal followed. We reverse.

## II. DISCUSSION

{5} New Mexico courts accord full faith and credit to the judgments of sister states, unless the judgment is void. *Jordan v. Hall,* 115 N.M. 775, 777, 858 P.2d 863, 865 (Ct.App.1993). Section 39–4A–3(A) allows a party to file a copy of a foreign judgment with the clerk of any district court, and the "clerk shall treat the foreign judgment in the same manner as a judgment of the district court of this state." Because "foreign judgments cannot be collaterally attacked on the merits," *Jordan,* 115 N.M. at 777, 858 P.2d at 865, after the foreign judgment is filed, "the grounds for reopening or vacating are limited

to lack of jurisdiction, fraud in the procurement, lack of due process, or other grounds making a judgment invalid or unenforceable." *Id.* at 778, 858 P.2d at 866. The parties dispute whether the Texas court acquired personal jurisdiction over Defendant by proper service of the 1999 complaint. We review questions of personal jurisdiction de novo. *Alto Eldorado P'ship v. Amrep*, 2005–NMCA–131, ¶ 15, 138 N.M. 607, 124 P.3d 585.

{6} The parties agree that Texas law applies to the issue of whether Defendant was properly served in the 1999 proceedings. According to Texas law, "[w]hen a defendant has not answered, a trial court acquires jurisdiction over that defendant solely on proof of proper service." *Furst v. Smith*, 176 S.W.3d 864, 868 (Tex.App.2005). Under the Texas Rules of Civil Procedure, service may be accomplished by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex.R. Civ. P. 106(a)(2). The rules also dictate that if the defendant is served by registered mail as provided by Rule 106, "the return by the officer or authorized person must also contain the return receipt with the addressee's signature." Tex.R. Civ. P. 107. Texas courts have construed these rules in the following manner: "[A] return of citation served by registered or certified mail must contain the return receipt, and the latter must contain the addressee's signature. If the return receipt is signed by someone else, then service of process is defective." *Ramirez v. Consol. HGM Corp.*, 124 S.W.3d 914, 916 (Tex.App.2004) (citations omitted). In the present case, Defendant was the addressee, and his signature did not appear on the return receipt. As a result, service was defective under the Texas rules.

{7} When service is defective, "[n]othing short of a general appearance, failing such service or its waiver, will confer jurisdiction upon the court." *C.W. Bollinger Ins. Co. v. Fish*, 699 S.W.2d 645, 655 (Tex. App.1985). Plaintiff provided evidence to the district court that Defendant had sought an extension of time to respond to the complaint, and the district court concluded that Defendant's request for an extension of time to answer was tantamount to an entry of appearance. We disagree. The evidence consisted of a letter from Plaintiff's attorneys in Texas to Defendant confirming their agreement to grant Defendant's request for an extension of time to answer. Defendant signed a copy of the letter acknowledging the agreement and returned it to Plaintiff's attorney via facsimile, whereupon it was filed in the Texas court. This letter was simply an agreement under Tex.R. Civ. P. 11, which states that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." The Supreme Court of Texas has held that a Rule 11 agreement to extend the time to file a responsive pleading does not constitute a general appearance because such an agreement does not request affirmative action by the district court and also because it is not an acknowledgment that the action is properly pending. *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 306 (Tex.2004). Based on *Exito*, we conclude that the letter filed in the Texas court did not constitute a general appearance by Defendant.

{8} Plaintiff also argues that Defendant had actual notice of the proceedings. However, Texas law has established that "[a]ctual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990). In light of the defective service, actual knowledge of the proceedings therefore did not provide the Texas court with jurisdiction over Defendant.

## III. CONCLUSION

{9} We conclude that Defendant was not properly served with the 1999 complaint under Texas law and that as a result, the Texas court was without jurisdiction to enter the default judgment for money damages against Defendant. We therefore hold that the Texas judgment is not entitled to full faith and credit in New Mexico, and we reverse the district court's order. In light of our hold-

**546**

ing, it is not necessary to address Defendant's remaining arguments.

{10} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER and CELIA FOY CASTILLO, Judges.