**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2013-NMCA-044**

**Filing Date: February 15, 2013**

**Docket No. 31,128**

**BETH WILLIAMS a/k/a**
**JULIA ELIZABETH WILLIAMS,**

  **Plaintiff-Appellant,**

**v.**

**WILLIAM CAREY CRUTCHER II,**
**Individually and as Executor of the**
**ESTATE OF JULIA MOSLEY**
**CRUTCHER, Deceased, and as**
**Trustee of the JULIA MOSLEY**
**CRUTCHER TESTAMENTARY**
**TRUST,**

  **Defendants-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Tully Law Firm, P.A.
Richard T. C. Tully
Farmington, NM

Thomas P. Kelly, Jr. Inc.
Thomas P. Kelly, Jr.
Santa Rosa, CA 95404

for Appellant

Gerding & O'Loughlin, P.C.
T. Ryan Lane
Farmington, NM

for Appellees

**OPINION**

**VIGIL, Judge.**

**{1}**     As a result of a settlement, a judgment was entered in favor of Plaintiff and against Defendants in Texas.  Plaintiff domesticated the judgment in New Mexico pursuant to the Foreign Judgments Act (the Act), NMSA 1978, Sections 39-4A-1 to -6 (1989, as amended through 1994), and obtained a writ of execution to satisfy the judgment from property owned by one of the defendants.  The district court granted Defendants' motion to quash the writ of execution on grounds that the judgment did not lie against that defendant.  Plaintiff appeals, and we reverse.

**I.     BACKGROUND**

**{2}**     Julia Mosley Crutcher was a widow residing in Houston, Texas.  Her last will and testament directed that after the payment of debts, expenses, taxes, and specific bequests, the remainder of her estate be placed into a trust for the benefit of her grandchildren.  To accomplish these ends, she appointed her son, William Carey Crutcher II (Mr. Crutcher) as independent executor of the estate (Estate) and trustee of the trust (Trust).  Mrs. Crutcher died on November 23, 1983, and in January 1984, the Probate Court of Harris County, Texas appointed Mr. Crutcher independent executor of the Estate and trustee of the Trust.  When she died, Mrs. Crutcher had four grandchildren:  Plaintiff (Beth Williams), and the three children of Mr. Crutcher.

**{3}**     In 2004, Plaintiff filed suit in the Harris County District Court of Texas against Defendants, "William Carey Crutcher II, individually and as executor of the Estate of Julia Mosley Crutcher and as trustee of the Julia Mosley Crutcher Testamentary Trust."  In material part, Plaintiff alleged that "as executor of the Estate of Julia Mosley Crutcher," Mr. Crutcher "failed to distribute to Plaintiff that portion of the Julia Mosley Crutcher Testamentary Trust to which Plaintiff was entitled to by law and by the Will of Julia Mosley Crutcher."  Second, Plaintiff asserted that Mr. Crutcher "has used the position of trustee to benefit himself at the expense of Plaintiff, and placed himself in a position in which [his] self-interest conflicted with [his] obligations to protect the interests of Plaintiff in the Julia Mosley Crutcher Testamentary Trust."  Third, Plaintiff asserted, Mr. Crutcher "has breached his fiduciary duty of disclosure by failing to disclose to Plaintiff material facts concerning the distribution of the proceeds from the Julia Mosley Crutcher Testamentary Trust," which included failing to provide an accounting or inventory of the assets of the Trust and failing to provide Plaintiff with notice of any distributions from the Trust.  Plaintiff asked in part that she be awarded "Judgment against Defendant personally and as Trustee of Julia Mosley Crutcher Testamentary Trust, for the amount due and owing to Plaintiff from the Julia Mosley Crutcher Testamentary Trust according to proof."

**{4}**     The Texas case was set for a jury trial on February 26, 2008.  On the first day of trial, the parties settled and entered into an "Agreed Judgment" (Judgment), which was filed in

2

the Harris County District Court of Texas on March 12, 2008. In pertinent part, Plaintiff was awarded judgment in the amount of $2,040,000 against "William Carey Crutcher II, individually, as executor of the Estate of Julia Mosley Crutcher and as Trustee of the Testamentary Trust created by the will of Julia Mosley Crutcher." The parties also agreed that "upon payment to Plaintiff by cashier's check or other banker's funds on or before March 27, 2008[,] in the sum of $510,000," Plaintiff would provide "a full satisfaction of the money judgment[,]" but if the money was not paid on or before March 27, 2008, "Plaintiff shall be free to execute on her judgment for $2,040,000." The Judgment provides:

> This judgment is in full satisfaction for any and all claims Plaintiff has against William Carey Crutcher II individually, as Executor of the estate of Julia Mosley Crutcher and as Trustee of the Trust created by the will of Julia Mosley Crutcher and exhausts any rights and/or claim Plaintiff has to inherit from [the] Estate of Julia Mosley Crutcher.

**{5}** The $510,000 payment provided for in the Judgment was not paid as required, and Plaintiff domesticated the Texas Judgment in New Mexico by filing and recording it in the San Juan County District Court pursuant to the Act. Plaintiff thereupon filed a transcript of judgment and obtained a writ of execution to execute on oil and gas and overriding royalty interests owned by the Estate in New Mexico.

**{6}** Defendants then filed a motion to quash the writ of execution. Defendants asserted that while Mr. Crutcher was personally liable under the $2,040,000 Texas Judgment, the Estate and the Trust were not, and because Plaintiff was executing upon property owned by the Estate, the writ of execution was improvidently issued and should be quashed. Specifically, Defendants contended that because the Texas suit alleged that Mr. Crutcher breached his fiduciary duties as both executor of the Estate and trustee of the Trust, Texas law made him personally liable to the exclusion of the Estate and Trust. Plaintiff countered that under Texas law, Mr. Crutcher, the Estate, and the Trust were all subject to the Judgment because Mr. Crutcher was named as a defendant individually as well as in his capacity as executor of the Estate and trustee of the Trust. Ultimately, the district court agreed with Defendants, finding that "Plaintiff may not execute upon assets of an estate to collect upon a judgment against that estate's administrator." Accordingly, the district court ordered that the writ of execution "directed to royalty interests and real property" owned by the Estate
in New Mexico "be and . . . is hereby quashed[.]" Further, the district court ordered, "Plaintiff is prohibited from interfering with payment of royalties to the Estate of Julia Mosley Crutcher, Deceased from oil and gas production in the State of New Mexico." Plaintiff appeals.

## II.    APPLICABLE PRINCIPLES AND STANDARD OF REVIEW

**{7}** The Act provides that when an authenticated copy of a judgment of a court of the United States is filed in the clerk's office of the district court of a county in New Mexico in

3

which the debtor resides or has property that is subject to execution, foreclosure, attachment, or garnishment, "[a] judgment so filed shall have the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, staying, enforcing or satisfying as a judgment of the district court of [New Mexico] and may be enforced or satisfied in like manner[.]" Section 39-4A-3(A). This procedure provides a speedy and economic method for New Mexico to accord the judgments of sister states the full faith and credit they are entitled to under the United States Constitution. *Conglis v. Radcliffe*, 119 N.M. 287, 288, 889 P.2d 1209, 1210 (1995); *see* U.S. Const. art. IV, § 1 ("Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."). Once a judgment is filed in the district court as provided in the Act, a prima facie case for its enforcement in New Mexico is made, and the judgment debtor has the burden of proving a defense to its enforcement. *Thoma v. Thoma*, 1997-NMCA-016, ¶ 8, 123 N.M. 137, 934 P.2d 1066. Such defenses include "lack of personal or subject matter jurisdiction, fraud in procuring the judgment, lack of due process, or other grounds making the judgment invalid or unenforceable." *Id.*

**{8}** When the judgment is domesticated pursuant to the Act, it loses its identity as the judgment of the sister state and becomes a money judgment of the state of New Mexico. *Nat'l Bank of Ariz. v. Moore*, 2005-NMCA-122, ¶ 12, 138 N.M. 496, 122 P.3d 1265 (citing *Huntington Nat'l Bank v. Sproul*, 116 N.M. 254, 258, 861 P.2d 935, 939 (1993)). As such, New Mexico law governs its enforcement. *Id.* Our law in this regard is well settled:

> Generally, a judgment which is clear and unambiguous must be enforced, and neither pleadings, findings nor matters outside the record may be considered to change the meaning of the judgment. However, when the meaning of the judgment is doubtful or ambiguous, the judgment, pleadings, and the entire record may be resorted to for the purpose of construing the judgment.

*Lemon v. Hall*, 97 N.M. 429, 431, 640 P.2d 929, 931 (1982) (citations omitted). Moreover, while a stipulated judgment, such as the one before us in this case, is not considered to be a judicial determination, but a contract between the parties, it is still construed in the same way that a judgment is construed. *See Owen v. Burn Constr. Co.*, 90 N.M. 297, 299, 563 P.2d 91, 93 (1977) ("[W]here the language of a contract is clear and unambiguous, the intent of the parties must be ascertained from the language and terms of the agreement." (internal quotation marks and citations omitted)).

**{9}** The parties do not dispute that interpretation of the judgment before us in this case presents us with a question of law, subject to our de novo review on appeal. We agree with the parties. *Id.* at 300, 563 P.2d at 94 (stating that when the interpretation of a judgment is determinable by inspection of the record alone, a question of law is presented); *see also Smith & Marrs, Inc. v. Osborn*, 2008-NMCA-043, ¶ 10, 143 N.M. 684, 180 P.3d 1183 ("We review a district court's interpretation of an unambiguous contract de novo." (internal quotation marks and citation omitted)); *Allsup's Convenience Stores, Inc. v. N. River Ins.*

*Co.*, 1999-NMSC-006, ¶ 28, 127 N.M. 1, 976 P.2d 1 (stating that whether an ambiguity exists in a contract is a question of law). Moreover, when resolution of the meaning of the judgment turns on the interpretation of documentary evidence, as in this case, we need not defer to the district court because we are in as good a position as the district court to interpret the judgment. *See Ca. Cas. Ins. Co. v. Garcia-Price*, 2003-NMCA-044, ¶ 6, 133 N.M. 439, 63 P.3d 1159 (referring to interpretation of a contract). Finally, to the extent we are required to interpret Texas law, our review is de novo. *See Nellis v. Farmers Ins. Co. of Ariz.*, 2012-NMCA-020, ¶ 21, 272 P.3d 143 (stating that the interpretation of a statute is a question of law which is reviewed de novo by an appellate court), *cert. denied*, 2011-NMCERT-011, 290 P.3d 725; *Miller v. Morrison*, 2008-NMCA-092, ¶¶ 6-8, 144 N.M. 543, 189 P.3d 676 (interpreting Texas law relating to service of process).

## III.    ANALYSIS

**{10}**    The parties dispute whether the Judgment reaches assets owned by the Estate in New Mexico. Plaintiff argues that it does because the Estate is a named judgment debtor in the judgment. Defendants assert that only Mr. Crutcher is personally liable under the Judgment, even though the Estate is a named judgment debtor. Defendants argue that the "essence" of the Texas lawsuit "was an action for damages against Mr. Crutcher for his personal malfeasance as executor and trustee" and that under Texas law, he is personally liable for his "malfeasance" and not the Estate. Defendants further contend that the fact that the Estate is named as a judgment debtor does not alter this result. For the reasons which follow, we reject Defendants' argument.

**{11}**    First, the Judgment is clear and unambiguous: it awards judgment in the amount of $2,040,000 in favor of Plaintiff against "William Carey Crutcher II, individually, as executor of the Estate of Julia Mosley Crutcher and as Trustee of the Testamentary Trust created by the will of Julia Mosley Crutcher." Because the language of the Judgment is clear and unambiguous, we may not consider the pleadings, findings, nor matters outside the record to change its meaning. *Lemon*, 97 N.M. at 431, 640 P.2d at 931.

**{12}**    Second, once the Texas judgment was converted into a New Mexico judgment under the Act, New Mexico law, not Texas law, was applicable to its enforcement. *Nat'l Bank of Ariz.*, 2005-NMCA-122, ¶ 12 (citing *Huntington Nat'l Bank*, 116 N.M. at 258, 861 P.2d at 939). Defendants have not directed us to any New Mexico authority, and we have found none, which would hold Mr. Crutcher personally liable to the exclusion of the Estate and Trust even though the Judgment explicitly names the Estate and Trust as judgment debtors. On the contrary, when a judgment clearly and unambiguously states that a person or entity is liable to a plaintiff, that person or entity is liable as stated therein. *See Lemon*, 97 N.M. at 431, 640 P.2d at 931 (stating that "a judgment which is clear and unambiguous must be enforced"); *Luna v. Flores*, 64 N.M. 312, 318, 328 P.2d 82, 86 (1958) (stating that where the judgment on the second claim for relief named a defendant against whom no relief was sought on that claim, and no findings supported inclusion of that defendant on the second claim for relief, the case would be remanded to delete that defendant from the judgment as

to that claim).

**{13}**     Third, even if we were to go beyond the language of the Judgment itself, we would still come to the same conclusion.  As noted above, the Texas suit was not merely a suit for executor "malfeasance."  In the first instance, Plaintiff sued to obtain "that portion of the Julia Mosley Crutcher Testamentary Trust to which Plaintiff was entitled to by law and by the Will of Julia Mosley Crutcher."  Plaintiff *also* asserted that as trustee, Mr. Crutcher acted in a conflict of interest to the detriment of the Trust and breached his fiduciary duties, but these assertions did not negate Plaintiff's first claim.  Nor did these latter claims negate the fact that Plaintiff was seeking:  "Judgment against Defendant personally and as Trustee of Julia Mosley Crutcher Testamentary Trust, for the amount due and owing to Plaintiff from the Julia Mosley Crutcher Testamentary Trust according to proof" as well as other relief.  The Judgment was negotiated on the first day of trial as a settlement of all claims, with all parties represented by counsel, and no argument is made that Mr. Crutcher had no authority to make the settlement.  Further, under Texas law, the Judgment runs against the Estate.  Section 147 of the Texas Probate Code provides:

> Any person having a debt or claim against the estate may enforce the payment of the same by suit against the independent executor; and, when judgment is recovered against the independent executor, the execution shall run against the estate of the decedent in the hands of the independent executor which is subject to such debt.

Tex. Probate Code Ann. § 147 (West 2013).  If the parties had intended to exclude the assets of the Estate (or the Trust) they could have expressed that intent, but they did not.  To the contrary, consistent with Plaintiff's first claim for relief, the Judgment specifically provides that it is in "full satisfaction" of all claims Plaintiff has against Mr. Crutcher, the Estate, and Trust, and that it "exhausts any rights and/or claim Plaintiff has to inherit from [the] Estate of Julia Mosley Crutcher."

**{14}**     Finally, we do not agree with Defendants that the Texas authorities they cite to us are applicable.  Nowhere does the Judgment recite or suggest that it is being agreed to *because* Mr. Crutcher committed "malfeasance."  On the contrary, the Judgment recites that the parties "appeared for trial and through their attorneys of record announced to the Court that an agreement of compromise and settlement had been reached."  No judicial determination was made that Mr. Crutcher committed "malfeasance," and the Judgment makes no reference to any "malfeasance" on his part.  We have not been presented with cases that are applicable in these circumstances, and do not further consider Defendants' arguments.[1]

---

[1] Defendants cite to *Cross v. Old Republic Surety Co.*, 983 S.W.2d 771 (Tex App. 1998) and *Moore v. Key*, No. 05-02-00809-CV, 2003 WL 194725 (Tex. App. 2003) (mem.). *Cross* addressed a surety company's liability for a default judgment against a dependent executor for willfully defrauding the estate and the court.  983 S.W.2d at 774.  In *Moore*, a

6

**{15}** For all the foregoing reasons we conclude that the Judgment lies against the Estate, the Trust, and Mr. Crutcher personally. Accordingly, the district court erred in granting Defendants' motion to quash the writ of execution.

## IV.    CONCLUSION

**{16}** The district court "Order Quashing Writ of Execution" is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**CYNTHIA A. FRY, Judge**

**Topic Index for *Williams v. Crutcher*, No. 31,128**

**APPEAL AND ERROR**
Standard of Review

**CIVIL PROCEDURE**
Ful Faith and Credit

**CONSTITUTIONAL LAW**

_____

dependent executor was ordered to repay the estate money she unlawfully converted for her own use. *Id.* at *1. These cases are clearly distinguishable. Defendants also cite to *In re Estate of Van Meter*, No. 2-08-289-CV, 2009 WL 885955 (Tex. App. 2009) (mem.); *In re Estate of Hawkins*, 187 S.W.3d 182 (Tex. App. 2006); *Barnett v. Barnett*, 985 S.W.2d 520 (Tex. App. 1998), *aff'd in part, rev'd in part on other grounds by* 67 S.W.3d 107 (Tex. 2001); *Lawyers Sur. Corp. v. Larson*, 869 S.W.2d 649 (Tex. App. 1994); and *Fillion v. Osborne*, 585 S.W.2d 842 (Tex. Civ. App. 1979). All of these cases dealt with former Section 245 of the Texas Probate Code (repealed in 2009), which in general provided that when a personal representative was removed for cause or neglected to perform a required duty, the personal representative and sureties were liable for the costs of removal, attorney fees incurred in removing the personal representative or in obtaining compliance with a statutory duty neglected by the personal representative. Defendants acknowledge that the underlying case was not brought pursuant to Section 245 of the Texas Probate Code.

Full Faith and Credit

**JUDGMENTS**
Execution of Judgment
Foreign Judgment
Settlements
Writ of Execution

**JURISDICTION**
Choice of Law
Personal
Subject Matter

**NATURAL RESOURCES**
Oil and Gas

**REMEDIES**
Execution
Writ of Execution

**STATUTES**
Interpretation
Rules of Construction

**WILLS, TRUSTS AND PROBATE**
Choice of Law
Claims Against Estate
Distribution
Execution
Fiduciary Duty
Trusts, General