This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ALMA TOLAYMAT,**

Petitioner-Appellee,

v.                                                    **NO. A-1-CA-36892**

**MUHAMMAD ANAS TARAKJI,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jane C. Levy, District Judge**

Armstrong, Roth, Whitley, Johnstone LLC
Jessica C. Roth
Albuquerque, NM

for Appellee

Caren Ilene Friedman
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Father appeals from the district court's order on the basis that it erred in modifying child support absent a demonstration by Mother that she was entitled to a

statutory presumption of a material and substantial change in circumstances. [MIO 2] This Court's calendar notice proposed to summarily affirm. [CN 1] Father filed a memorandum in opposition to the proposed disposition. We are not persuaded by Father's arguments and affirm.

{2}     When the parties entered into a Marital Settlement Agreement (MSA), they agreed to use the monthly income figure near the upper limit of the child support guideline schedule for the purposes of settlement, despite the parties' apparent knowledge that it was based on an income figure far lower than Father's actual earnings. [MIO 4] When Mother later moved for an upward modification of child support, the district court used that same figure to compare with Father's 2016 monthly income to arrive at a conclusion that there was a change of more than twenty percent, warranting a presumption of a change of circumstances and modification of child support. [DS 16; RP 226, FOF 17; RP 229, COL P-R] *See* NMSA 1978, § 40-4-11.4(A) (1991) ("There shall be a presumption of material and substantial changes in circumstances if application of the child support guidelines in [NMSA 1978,] Section 40-4-11.1 [(2008)] would result in a deviation upward or downward of more than twenty percent of the existing child support obligation and the petition for modification is filed more than one year after the filing of the pre-existing order."). This Court's calendar notice proposed to affirm the district

court's order on the basis that there was no abuse of discretion with the manner in which the district court calculated child support and utilized the applicable statutes. [CN 3, 5]

**{3}** Father continues to argue that the district court erred in calculating his 2016 income for purposes of determining whether there was more than a twenty percent increase warranting a modification of child support. [MIO 3-4] He contends that even assuming the district court correctly calculated his 2016 actual income, it should have compared it with his actual gross monthly income at the time of the MSA, rather than the amount agreed to in the MSA, which would have reflected a less-than-four-percent change. [Id.] He further argues that even if the district court's erroneous calculation is applied, entitling Mother to a statutory presumption, the presumption was rebutted. [MIO 6]

**{4}** Father relies on *Jury v. Jury* for the contention that "if the updated financial information resulted in the obligor's child support obligation increasing by twenty percent, but the obligee failed to offer any additional evidence justifying modification, the statutory presumption *could* be rebutted." 2017-NMCA-036, ¶ 40, 392 P.3d 242 (emphasis added). Father asserts that Mother was unable to muster any evidence that the needs of the parties' four-year-old child were materially and substantially different [MIO 6], and contends that Mother supports herself with Father's child support, has

no income other than the child support, received a sizeable property settlement from the divorce, and has no monthly car or house payment. [MIO 5] Father additionally asserts that when Child begins school, it will be tuition-free. [Id.]

**{5}** Father points to *Spingola v. Spingola*, 1978-NMSC-045, ¶ 13, 580 P.2d 958, and *Padilla v. Montaño*, 1993-NMCA-127, ¶ 36, 862 P.2d 1257, which he asserts are the most important guideposts for a district court's exercise of discretion in setting child support awards in high income cases. [MIO 7] Specifically, he asserts that even if Mother was entitled to the statutory presumption, a proper application of the factors in *Spingola* could not have resulted in an upward modification under the circumstances of this case. [MIO 10] Father contends that a court must consider "the life-style the children would be enjoying if the father and the mother were together and the non-custodial parent had his present income level." [Id.] *Padilla*, 1993-NMCA-127, ¶ 36. Father suggests that because the parties lived quite modestly when they were married, Mother should not be permitted to provide Child a higher standard of living than the one the family lived by when they were together, particularly where it comes at Father's expense. [Id. 8]

**{6}** The factors applied in *Padilla*, which originated in *Spingola*, included the consideration of "whether the income, surrounding financial circumstances, and station in life demonstrated an ability by the father to provide *additional* advantages

4

to his children *above* their actual needs." *Padilla*, 1993-NMCA-127, ¶¶ 2, 36 (emphasis added). This factor favors upward modification when appropriate. Consequently, we are not persuaded the proposition Father cites stands for the contention asserted. Furthermore, while we recognize that the statutory presumption could be rebutted, we are not persuaded that the district court abused its discretion in determining there was insufficient evidence to rebut it. *See Jury*, 2017-NMCA-036, ¶ 32 ("In the absence of direction from our Legislature with respect to the calculation of child support obligations when the parties' combined gross monthly income exceeds $30,000, we presume that a district court retains broad discretion."). We find nothing inequitable with the district court's upward modification of child support under these facts. *See Padilla*, 1993-NMCA-127, ¶¶ 41-42 (recognizing the district court's broad discretion when applying the statutory presumption of material and substantial change in circumstances, so long as the decision is equitable).

{7}     In addition, Father also contends that the district court erroneously failed to consider that he successfully petitioned for more time with Child. [MIO 11] Father asserts that as a consequence, Mother will have Child for less time, he will be working less in order to spend more time with Child, and he will therefore earn less income. [MIO 11] However, Father does not inform us of what evidence he presented below to support that a change in income had occurred. *See Farmers, Inc. v. Dal Mach. &*

*Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that we presume the correctness of the district court's actions and the burden is on the appellant to clearly point out how the district court erred). We note that Father has the opportunity to seek a modification of child support if and when his income changes. *See* § 40-4-11.4(A). Therefore, we are not persuaded by Father's argument. *See Wilde v. Westland Dev. Co.*, 2010-NMCA-085, ¶ 30, 148 N.M. 627, 241 P.3d 628 (presuming that "the district court is correct and . . . the burden is on the appellant to clearly demonstrate the district court's error" (internal quotation marks and citation omitted)).

**{8}** Lastly, Father asserts that where an initial child support award is predicated on income above the top of the guidelines, a court should not increase that award unless, in addition to evidence of increased income, there is evidence that the child's needs have increased. [MIO 8-9] While that type of evidence is considered under our case law, it is not required by our case law or statute, and Father relies on case law from other jurisdictions, which we are not bound by. [Id.] Father also contends that the calendar notice sends the message that parties in a high-income child support case can stipulate to a lower income to settle their dispute and then use that stipulated income to claim entitlement to a presumption of a material and substantial change in circumstances when it does not actually exist. [MIO 12] We disagree. Parties who

enter into a voluntary settlement agreement and stipulate to income for the purposes of calculating child support are bound by their agreement. *See Edens v. Edens*, 2005-NMCA-033, ¶ 22, 137 N.M. 207, 109 P.3d 295 ("If equitable, a stipulated agreement should not be vacated merely because an award may have been unwise or unfortunate in light of subsequent events." (internal quotation marks and citation omitted)). Father agreed to use an income figure that was substantially lower than his actual monthly income for the purposes of settlement. *Cf. Ottino v. Ottino*, 2001-NMCA-012, ¶ 16, 130 N.M. 168, 21 P.3d 37 (concluding "that any binding agreements made by a divorcing couple, which include terms in excess of what the court could order on its own, are enforceable in contract."). Absent a provision in the MSA limiting the parties' future use of this income figure or addressing potential future modifications and limiting such instances to the presently agreed-upon figure, Father is precluded from arguing that the district court erred by finding that his actual 2016 income, when compared with his agreed-upon MSA income figure, represents a substantial increase in income. [DS 16] *See Williams v. Crutcher*, 2013-NMCA-044, ¶ 8, 298 P.3d 1184 ("[A stipulated judgment . . . is still construed in the same way that a judgment is construed.").

{9}     For all of these reasons and those stated in the calendar notice, we affirm.

{10}    **IT IS SO ORDERED.**

7

                     _____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**STEPHEN G. FRENCH, Judge**

_____

**DANIEL J. GALLEGOS, Judge**